# CASES DETERMINED

AT THE

## January Term, 1871.

---

### BROWN vs. PARKER, impleaded, etc.

CONFLICT OF LAWS — LEX LOCI CONTRACTUS — STATUTE OF LIMITA-
TIONS. — *Judgment in Illinois on Wisconsin contract, barred by Wiscon-
sin statute — Suit on the judgment in Wisconsin.*

1. A judgment of an Illinois court, if sued upon here, may be re-examined
and relieved against to just the same extent as if it were sued upon
in the courts of Illinois.

2. In case of a judgment by confession upon warrant of attorney (there
being no other appearance than that by the attorney in pursuance of
such warrant), it is the rule in Illinois as in this state, that the court
of law in which the judgment was rendered will exercise an equitable
jurisdiction over it, and will, for cause shown, open, vacate, or modify
it, or stay proceedings under it, and direct an issue and trial upon
the merits.

3. Equity will relieve against such a judgment on the ground of fraud,
accident or mistake, either in an action by the judgment defendant
for relief, or where he sets up the facts in his answer to an action on
the judgment; and it will grant any relief obtainable by motion in
the court where the judgment was rendered, except that by order va-
cating or modifying the judgment itself.

4. It may be assumed that courts of equity in Illinois (as in this state)
would relieve against such a judgment, in a proper case, by a per-
petual injunction against its enforcement; but even if this were not
so, equity will grant that relief in this state against such Illinois
judgment, as a substitute and equivalent for the remedy by motion in
the Illinois court.

5. The lapse of the time fixed by the statute of limitations of this state (as to parties residing therein) does not merely affect the remedy, but extinguishes the right; and this applies to contract debts as well as to the title to property.

6. A warrant of attorney under seal confers no authority to enter judgment upon an unsealed note after the latter is barred by the statute relating to simple contracts.

7. Where a note made in this state, and of which the maker and holder were residents here, had been barred, and the debt thus extinguished (by the law of this state as interpreted by its courts), and the note was then sued upon in a court of Illinois, the defense upon the *lex loci contractus*, if set up there, would have been good; and a judgment upon such note, entered by confession upon warrant of attorney, would be set aside, or its collection stayed, upon that ground, in the Illinois court; and therefore the courts of this state will relieve against such judgment. COLE, J., dissents on this point.

APPEAL from the Circuit Court for *Dane* County.

On the 12th of May, 1859, at Madison, Wisconsin, Bowen and *Parker* made and delivered to the Dane County Bank their promissory note for $150, at sixty days, with interest at ten per cent. This note was made as security for the separate indebtedness of Bowen, and *Parker* signed it only as surety. Together with the note they also executed and delivered their warrant of attorney for the confession of judgment thereon, in the usual form. The note was afterwards endorsed and transferred to the plaintiff in this action. Two endorsements, of $54.46 and $11.30 respectively, were made upon the note in 1864; and there was another endorsement of the payment of $50, under date March 6, 1869. This amount was in fact made by a sale, by the holder of the note, of property placed in his hands as a pledge to secure payment of the note, and the endorsement was made without the consent or knowledge of *Parker*, who in fact never made any payment upon the note. At the time of the execution of the note, all the parties resided and did business in Wisconsin; and they all continued to reside and do business in this state until the commencement of this action, except that Bowen left this state a year or two after making the note, and at some time

before 1869 had become a resident of Illinois. In November, 1869, action was brought upon the note against both the makers, in the superior court of Chicago, Illinois, and judgment entered upon the *cognovit* of one Van Schaack, acting upon a claim of authority under said warrant of attorney. No process was served upon either of the defendants, and they made no appearance, except as already stated. Afterwards (apparently in 1870) an action was brought in the circuit court for Dane county, upon said Illinois judgment, in which action process was served upon *Parker* alone. *Parker* answered, alleging the facts as substantially stated above, and demanding that the plaintiff, his agents, etc., be perpetually restrained from maintaining an action upon said judgment, and from collecting or in any way enforcing it, and that defendant have judgment for costs, etc. The circuit court held that a warrant to confess judgment on a note confers no authority to confess such a judgment after the note is barred, and a judgment entered upon such a confession would be set aside upon motion; that the note in question was barred by the statute of Wisconsin at the time the judgment in suit was entered, and the defendant *Parker* is entitled to avail himself of the benefit of that defense in this action; that if a judgment had been entered in this state upon said note, by virtue of said warrant of attorney, at any time after the note was barred by the statute of this state, such judgment would be set aside, or the collection thereof perpetually enjoined, upon the application of the person against whom the judgment was entered; that no greater legal rights, remedies or effect can be claimed under the judgment here in suit than could be claimed under a like judgment entered in this state; and that the defendant *Parker* was entitled to the relief demanded in his answer.

Judgment accordingly; from which the plaintiff appealed.

*H. W. & D. K. Tenney*, for appellant, contended that the question whether an action is barred is to be determined entirely by the law of the state in which the action is brought; and that when a judgment has been entered in a state where the action

is not barred, the cause of action is merged in the judgment, and therefore it is a judgment and nothing else. When the judgment of the superior court of Chicago was sued on here, it was the duty of the court to give it the same force and effect as it had in Illinois. There it was conclusive upon the rights of the parties. But the court gave the judgment no effect at all. On the contrary, it investigated the cause of action on which it had been rendered, and because that cause of action would have been barred in Wisconsin, it applied the Wisconsin bar to the cause of action, ignoring the *judgment* entirely. So the judgment stands good in Illinois, and here judgment is rendered the opposite way upon the case, independent of the judgment sued on. This is precisely what the constitution and the act of congress were intended to prevent. *Le Roy v. Crowninshield*, 2 Mason, 151; *Townsend v. Jemison*, 9 How. (U. S.), 407; *Bulger v. Roche*, 11 Pick., 36.

*Alden S. Sanborn*, for respondent, argued, among other things, that the note was barred by the statutes of Wisconsin before the judgment was entered; that the warrant was only an incident to the legal remedy upon the note during its life; that when the remedy was destroyed, the incident perished also (*Walrod v. Manson*, 23 Wis., 393); that a judgment entered only by virtue of an authority claimed under such a warrant would be set aside or its collection restrained; and that no greater legal effect can be claimed for this judgment than could be claimed for a like judgment entered in this state, in like manner, upon a note, by virtue of authority claimed under a stale and extinguished warrant. *Rape v. Heaton*, 9 Wis., 328; *Sim v. Frank*, 25 Ill., 125.

DIXON, C. J. In determining the effect of the judgment sued upon, how far it may be re-examined, and what relief, if any, may be granted against it, we are to act and decide precisely as the court of Illinois would do were the same questions there presented. Judge STORY, in his examination of the

subject as to the effect of the records and judicial proceedings of one state in the courts of another, under the clause of the constitution of the United States, the act of Congress, and the decisions of the supreme court, concludes by stating the rule as follows: "It gives them the same faith and credit as they have in the state court from which they are taken. If in such court they have the faith and credit of the highest nature, that is to say of *record* evidence, they must have the same faith and credit in every other court. So that congress have declared the *effect* of the records, by declaring what degree of faith and credit shall be given to them. If a judgment is conclusive in the state where it is pronounced, it is equally conclusive every where. *If re-examinable there, it is open to the same inquiries in every other state.* It is, therefore, put upon the same footing as a domestic judgment." 2 Story on the Constitution, §1313.

This naturally leads to the inquiry, how far the judgment in question is open to re-examination, and what relief could have been granted against it, by the courts of Illinois, had application been made there upon the same facts set forth in the answer here, and which were proved upon the trial. The judgment was by confession upon warrant of attorney. There was no other appearance or confession, or opportunity of appearance, than by the attorney in pursuance of the warrant. It is a general principle, prevailing in nearly all of the states as well as in England, that the courts of law exercise an equitable jurisdiction over judgments thus entered, and will, for cause shown, open, vacate or modify them, and stay proceedings, or direct an issue and trial upon the merits. Such is the rule in this state, and, upon examination, we find it to have been fully recognized and adopted by the courts of Illinois. *Lake v. Cook*, 15 Ill., 353. We find this jurisdiction constantly spoken of as an equitable one, the reason of which we suppose to be that it originated in and was first exercised by the courts of equity, and was thence assumed by the courts of law. It was a jurisdiction properly arising on the ground of fraud, or sometimes, it may

be, of inevitable accident or mistake. Story's Eq. Jur., §§ 1573, 1574. But its assumption and exercise by the courts of law did not deprive equity of its power. The jurisdiction was thenceforth concurrent, as in many other like cases. And we accordingly find in *Brinkerhoff v. Marvin*, 5 Johns. Ch., 320, the general jurisdiction of the chancellor unquestioned, although the authority of the courts of law was then fully recognized and established. And so we think the courts of equity in this state still retain their jurisdiction in this class of cases, notwithstanding the same relief may be obtained by motion in the courts of law ; and that, under proper circumstances, the jurisdiction will still be exercised.

If the judgment in question had been entered in one of the courts of this state, and application been made in equity for relief, either by an action commenced, or, as here, which is an entirely equivalent proceeding, by answer in a suit upon the judgment, we have no doubt of the power of equity to have given the judgment defendant any aid or protection which the facts of his case authorized or required.

It could have granted him any relief obtainable by motion in the court of law, save only to vacate or modify the judgment itself. This the court of equity could not do, but it could have done that which was equally efficient. It could have re-examined the case upon its merits, and have perpetually enjoined the plaintiff from the collection of the whole or such part of his claim as was found not to be justly and legally due. This power of the courts of equity in this state may be fairly presumed to be possessed by the same courts in the state of Illinois. We may fairly presume that relief under the same circumstances and to the same extent would be granted by the courts of equity there as here. But should this be otherwise, and the remedy by motion in the court of law be regarded as exclusive in that state, it still does not affect the question now before us. The inquiry is not as to the manner of administering relief, nor by what court, but as to the nature or kind of relief.

The courts of the different states redress wrongs and afford relief in their own peculiar modes. The modes may differ, but the relief to be granted as against the judgment of a court of another state must be the same as would be granted in that state. Some of the states, as for example Pennsylvania, have no separate equity system, but all remedies are to be obtained in the courts of law. The legal remedy in one state may, therefore, be an equitable one in another, and *vice versa*. We here grant relief according to our own established rules and modes of proceeding, regardless of the form by which the same relief might be granted by the courts of Illinois.

It being determined, therefore, that the judgment in question is re-examinable by the courts of Illinois, and subject to being set aside or vacated and the cause of action investigated upon its merits, and that the courts of equity of this state possess the same power with respect to domestic judgments of the like kind, our next inquiry must be as to the nature of the defense pleaded and proved, and whether it is such as if pleaded and proved in the court of Illinois, application having first been made there for that purpose, ought to have prevailed in that court, and been adjudged a valid and sufficient defense to the cause of action set forth in the declaration. If it be such a defense there, it seems clear that it should prevail here. Had the defendant applied there upon affidavit setting forth the same facts, and in addition (a matter not necessary to be pleaded here) that by the laws of Wisconsin the debt or claim in question was extinguished, we think leave to open the judgment and to plead must have been granted; and, the facts being established upon pleadings and proof, we are also of the opinion that the defense must have been adjudged valid and effectual.

It was long since settled with respect to the statute of limitations of this state, that as to parties residing herein it does not affect the remedy merely, but directly destroys the right itself, after the time prescribed by it has once elapsed. This was so held in *Sprecker v. Wakeley*, 11 Wis., 432, and *Knox v. Cleave-*

*land*, 13 Wis., 245. It is true, those were not actions upon contracts for the payment of money or the performance of any other thing; but the principle must be the same in all classes of actions. It seems impossible to make a distinction upon any sound reasoning to be applied to the subject. A statute which is held to extinguish the right in one class of cases, as where property is adversely claimed and possessed, must, its language being the same, also be held to extinguish the right where the subject upon which it operates is a claim or demand founded upon contract. And so we find it to have been decided by those courts which hold as we have done with respect to the operation and effect of the statute. They decide that the debt or obligation created by the contract is extinguished, so that it cannot be revived without the assent or agreement of the party to be charged. See cases in Indiana, Vermont and Mississippi cited in 11th Wis., 440. And we know of no case to the contrary, or where a distinction has been attempted, except *Jones v. Jones*, 18 Ala., 242. The reasoning in that case, so far as it concerns the point under consideration, is not satisfactory to our minds. We cannot perceive why the same statutes, or different statutes in the same words, should operate so differently in the two classes of cases. The same section of the statute of this state (R. S., ch. 138, §17) prescribes the limitation to an action upon a contract or obligation, express or implied (except contracts under seal, and judgments and decrees), and to an action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property. The time limited is six years. If, under the operation of this statute, the party taking personal property and detaining it for that period acquires the complete title, it is difficult to perceive why the same effect should not be given to the statute where, upon contract, express or implied, for the delivery of specific personal property, the same has remained in the possession of the promisor, and no action has been commenced for the like period of time. It is difficult to understand why

in the one case all right to contest or disprove the title of the party in possession has been lost, whilst in the other it has not; or why as to the property taken and detained there can exist no cause of action or right to recover damages for its value, the statutory bar being removed, when as to the other the cause of action still exists, and the value thereof may be recovered. The difference in principle which should lead to these diverse results is not obvious to our minds, especially where both cases depend upon the same provisions of the statute. The absence of any solid ground for discrimination is more apparent, perhaps, though not more real, in the case of a contract for the delivery of property than in one for the payment of money. If the rights or title of the party against whom the statute has run are extinguished as to the one contract, then they must also be as to the other. We think it necessarily and logically follows from the former decisions of this court, that the debt or claim itself upon contract is cut off and destroyed by lapse of time under the statute, and that so the courts of Illinois must have held had the question been there presented.

It has also been decided by this court, that the period of limitation to an action upon a promissory note is not extended by giving with the note a warrant of attorney under seal, and that such warrant confers no authority to enter judgment upon the note, after the latter is barred. *Walrod v. Manson*, 23 Wis., 393.

These two propositions being established, first, that the debt was extinguished, and, second, that the warrant conferred no authority for the confession or entry of a judgment in this state, the question arises upon the truth of the proposition asserted by the learned counsel for the plaintiff, when, speaking of the note and warrant of attorney, they say: ".Both were dead in Wisconsin, and both were alive in Illinois." Is this proposition correct? We are compelled to say that it appears to us not, and that, upon the facts being pleaded and proved showing that both were dead in Wisconsin, the courts of Illinois would have been bound to adjudge them dead in that state also. And this

brings us to the most important question in the case, which is, whether the statute of limitations of this state, as judicially interpreted, and which extinguishes the debt itself, could have been pleaded in the court of Illinois as part of the *lex loci contractus?* Had application been made there, and a plea interposed showing that by the law of this state the debt was extinguished, and that the defendant owed nothing when the note was taken from this state to that for the purpose of entering judgment upon it, would such a plea have been a plea to the remedy merely, or would it have been a plea to the cause of action or merits of the claim set up by the plaintiff? We are well aware of the multitude of authorities in which it has been held, and rightly held, that the *mere* plea of the statute of limitations of another state or country is a plea to the remedy and unavailing, because, as to all matters pertaining to the remedy, the *lex fori*, and not the *lex loci contractus*, must govern. Such were the cases of *Townsend v. Jemison*, 9 How. (U. S.), 407, and *Bulger v. Roche*, 11 Pick., 36, cited by counsel for the plaintiff. In the former the question arose upon demurrer to two pleas setting up the statute of limitations of another state. In the latter it came up upon demurrer to the rejoinder of the defendant, in which he averred that the promissory note sued upon was barred by the statute of limitations of Nova Scotia, where both plaintiff and defendant had formerly resided, and where the note was made. In both, the statute of limitations of the foreign state merely was pleaded, and nothing more, and so they were strictly pleas to the remedy, and therefore bad. And the same remarks are true of numerous other cases to be found in the books, where the question has been similarly presented. But the question here differs very materially, and those decisions can furnish no guide for its determination. Here we have the additional fact that by the laws of the state where the contract was made and to be executed, and where both parties resided and continued to reside until the whole period of limitation or prescription had expired, and where they still reside, the con-

'tract or obligation itself had ceased to exist and was no longer of any legal significance or force whatever. It had become,. by lapse of time, a nullity in the law, and was as if no debt or promise had ever existed. Cases of this kind are of rare occurrence in the books; but the principle by which they should be governed has not escaped the attention of eminent writers and jurists.

Judge Story, in the Conflict of Laws, § 582, states the proposition thus: "Suppose the statutes of limitation or prescription of a particular country do not only extinguish the right of action, but the claim or title itself, *ipso facto*, and declare it a nullity after the lapse of a prescribed period; and the parties are resident within the jurisdiction during the whole of that period, so that it has actually and fully operated upon the case; under such circumstances the question might arise, whether such limitation or prescription may not afterwards be set up in any other country to which the parties may remove, by way of extinguishment or transfer of the claim or title. This is a point which does not seem .to have received as much consideration in the decisions of the common law, as it would seem to require. That there are countries in which such regulations do exist, is unquestionable. There are states which have declared that all rights to debts, due more than a prescribed term of years, shall be deemed extinguished; and that all titles to real and personal property, not pursued within the time prescribed, shall be deemed forever fixed in the adverse possessor. Suppose, for instance (as has occurred), personal property is adversely held in a state for a period beyond that prescribed by the laws of that state, and after that period has elapsed the possessor should remove into another state, which has a longer period of prescription, or is without any prescription; could the original owner assert title there against the possessor, whose title, by the local law and the lapse of time, had become final and conclu-·sive before the removal? It has been certainly thought that in such a case the title of the possessor cannot be impugned.

If it cannot, the next inquiry is, whether the bar of a statute extinguishment of a debt, *lege loci*, ought not equally to be held a peremptory exception in every other country? This subject may be deemed by some persons still open for future discussion. It has, however, the direct authority of the supreme court of the United States in its favor; and its correctness has been recently recognized by the court of common pleas of England."

The learned author refers to the familiar case of *Shelby v. Guy*, 11 Wheat., 361, 371, 372, and *Huber v. Steiner*, 2 Bing. N. C. 202, 211 (29 E. C. L. 304); also to *Don v. Lippman*, 5 Clark and Finnelly, 1, 16, 17. In *Huber v. Steiner*, TINDALL, C. J., quotes the first sentence of Judge STORY above extracted, and says: " Undoubtedly the distinction appears to be well founded." And again he adds: " It does indeed appear but reasonable that the *lex loci contractus* which declares the contract to be absolutely void at a certain limited time, without any intervening suit, should be equally regarded by the foreign country as the part of the *lex loci contractus* which gives life to and regulates the construction of the contract."

And in a recent case in Missouri, *Baker v. Stonebraker's Admr's*, 36 Mo., 338, 349, where the action was upon a judgment of a court of Maryland, the court gave effect to the statute of limitation of Maryland, as construed by the court of appeals of that state, in extinguishment of the debt. HOLMES, J., in delivering the opinion of the court, says: " The doctrine is well established, that where an act of this kind operated to extinguish the contract or debt itself, the case no longer falls within the law of limitations on the remedy merely. In such case, when the debt or judgment is sued on in another state, the *lex loci contractus*, and not the *lex fori*, is to govern." And again he says: " It goes to the existence or validity of the contract or debt itself — *ad valorem contractus* — and not merely to the remedy. When, therefore, this judgment was certified from the state of Maryland and sued on in this state. it stood there, by

the law of Maryland, absolutely paid and extinguished. The judgment was dead. How, then, can we be called on here to give it life and force again? The effect of the act of congress of the 26th of May, 1790, requiring 'full faith and credit' to be given to the record of judgments from other states, is limited to the means of proof, and merely makes it evidence; but it does not extend to the effect and operation of what is so proved. This operation can only be such as is given to it in the state from which it comes."

We are quite satisfied of the correctness of the principle which has thus been laid down, and that the court of Illinois, if application had been made there, must have regarded the contract as it was regarded by law here, as simply void; and so regarding it, that court must have vacated the judgment, or have granted a perpetual stay or injunction of all proceedings for its collection; which last power, we have endeavored to show, may be lawfully exercised by the court of equity in this state, when the judgment is brought here for the purpose of enforcing payment of it.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed:

COLE, J., dissents.