## J. F. WOODMAN v. DAVID W. FULTON.

1. CONSTITUTIONAL LAW—RETROSPECTIVE LEGISLATION.—The bar created by statute of limitations is as effective after it attaches, as payment or any other defense. Davis v. Minor, 1 How. (Miss.) 1831. And it is not competent for the legislature to remove the bar.

2. SAME—PRACTICE.—After the statute of limitations has attached to a decree in chancery, and the defendant has taken an appeal, he has no right to file a bill of review.

APPEAL from the chancery court of Madison county. YOUNG, Chancellor.

The opinion of the court contains a statement of the case.

*W. A. Stone,* for appellant.

*Geo. L. Potter* and *Franklin Smith,* for appellee.

Woodman was guilty of *laches* of which he cannot take advantage. McRaney v. Coulter, 39 Miss. 390. He had adopted all the remedies afforded him by law, and it was beyond the power of the legislature to grant him any relief. See Story Eq. Pl. 407, 408; Potter's Dwarris, 334, 374; 4 Cond. (U. S.) 414; 40 Miss. 29; 1 How. (U. S.) 311, 316–320; 2 ib. 608, 612–614; 12 Wheat. 256, 327; 8 ib. 84; 4 ib. 197; 3 Dal. 386; 1 Cond. (U. S.) 179–182; 11 Pet. 420.

*A. H. Handy,* on the same side, insisted,

1. That after an appeal taken, a bill of review will not be entertained. 1 Mitf. Eq. Pl. 88. The overrul-

ing of the exceptions was but an interlocutory order, and on such order a bill of review will not lie. Banks v. Anderson, 2 Hen. & Munf. 20. It lies only to a final decree. Elzy v. Lane, 2 ib. 589.

2. When the period prescribed by the statute of limitations has once run, so as to cut off the remedy which one might have had for the recovery of property in the possession of another, the title to the property is regarded in law as vested in the possessor, and a subsequent repeal of the limitation could not have a retroactive effect so as to disturb his right. Cooley Const. Lim. (2d ed.) 365, 366; Davis v. Minor, 1 How. (Miss.) 183; Leffingwell v. Warren, 2 Black (U. S.), 605; Burch v. Newberry, 10 Seld. 393, *et seq.*; Bagg's Appeal, 43 Penn. St. 512; Wright v. Oakley, 5 Metc. 410.

PEYTON, C. J.:

On the 23d day of February, A. D. 1867, a decree was rendered by a special court of equity in favor of David M. Fulton against J. F. Woodman, for the sum of $35,507.67, and costs of suit.

At the January term, 1871, the said Woodman filed a bill of review in the chancery court of Madison county to procure the reversal of said decree.

And to this bill of review, the defendant, D. W. Fulton, filed a demurrer, assigning the following causes:

1. The alleged errors assigned in said bill, are on the report of the commissioner appointed to take and state an account, and no reason or excuse is given why objections and exceptions were not in due time taken to said report.

2. No error is assigned upon any order or decree of the court; nor is it suggested that the court of equity erred in confirming said report.

3. The case sought to be reviewed is not in this court, and this court has no jurisdiction of said cause, or to entertain this bill.

4. There is no alleged error assigned that can be heard or corrected on bill of review.

5. The act of the legislature authorizing a bill of review, is unconstitutional and void, and it does not in terms authorize this bill.

The demurrer was sustained and the bill dismissed, and hence the case comes here by appeal.

In the 16th article of the Revised Code of 1857, p. 401, it is provided that bills of review in chancery shall be filed within two years next after the date of the final decree in the cause, and not after; saving to persons under any disability as hereinbefore mentioned, the like period of two years after the removal of such disability. Under this law, the right to file a bill of review was barred by the statute of limitations. And after the bar of the statute has attached, is it in the power of the legislature to remove the bar by extending the period within which a suit or action may be brought?

The act of July 21st, 1870, authorizes the party or parties against whom a final decree was rendered in a special court of equity, to file a bill of review within ninety days after the passage of the act, and have the causes re-heard in the same manner and under the same rules and regulations governing bills of review in cases regularly commenced and decided in courts of equity in this state. Pamphlet Acts, 106.

In the case of Davis v. Minor, 1 How. 183, it was decided that the bar created by the statute of limitations, where it attaches, is as effectual as payment or any other defense, and, when once vested, cannot be taken away by legislative action without the defendant's consent.

It appears that Woodman appealed from this decree to the high court of errors and appeals, and the records of that court show the appeal was dismissed.

After the bar of the statute of limitations had attached, and after an appeal had been taken to the high

court of errors and appeals, the defendant in said decree had no right to file a bill of review to reverse or modify the decree.

We therefore think the court below did not err in sustaining the demurrer and dismissing the appellant's bill of review.

*The decree must be affirmed.*