Eingartner vs. The Illinois Steel Co.

Eingartner, Appellant, vs. The Illinois Steel Company, Respondent.

*May 17 — June 2, 1899.*

*Statute of limitations: Vested rights: Constitutional law: Interstate comity.*

1. A statute of limitations, when fully run upon a claim, whether the demand relate to title to real or personal property or a money demand on contract or sounding in tort, constitutes a vested property right within the meaning of the constitution, and its possessor is entitled to the benefit of the constitutional guarantees for the protection of the title to property and property rights.

2. While the statute of limitations acts on the remedy, when the period of limitation has run the bar of the statute, itself, is property and cannot be taken from its possessor adversely; and the effect of that vested right is to extinguish the claim upon which it operates, and in that sense it is properly said that the bar of the statute of limitations extinguishes the right.  It is as effective as payment or any other satisfaction of a claim, because the remedy to enforce it cannot be restored or any remedy given in place of it contrary to the will of the owner of the right of defense.

3. The law treats of rights that may be enforced.  When, by lapse of time, a right ceases to be more than a moral obligation and cannot be restored adversely, in contemplation of law it has ceased to exist altogether.

4. If a citizen of a sister state, having a claim against another such citizen, allow the period limited by law for its enforcement in the courts of such state to expire, he cannot enforce such claim in the courts of this state if the right of defense against such claim in the courts of his own state is a vested property right.
   [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

Action by an employee to recover of his employer compensation for a personal injury alleged to have been caused by negligence of such employer in respect to neglecting to furnish plaintiff with a reasonably safe place in which to do his work. Both parties were citizens of the state of Illinois at the time the cause of action arose, and continued such down to the time of the commencement of this action. The period within which an action could have been commenced to enforce the alleged liability in the state of Illinois expired before this action was commenced and the facts in that regard were duly pleaded in defendant's answer as a bar to the enforcement of plaintiff's claim in the courts of this state. Evidence was produced tending to prove the allegations of the complaint. It was established on the part of defendant, beyond controversy, that plaintiff's claim was barred in Illinois by its statute of limitations. Such statute, and the decisions under it, were offered and received in evidence. The facts in regard to such statute being uncontroverted, no question on that branch of the case was submitted to the jury. There was a special finding of fact by the jury in plaintiff's favor on all other branches of the case. A motion by plaintiff's attorneys for judgment on the verdict was denied. A motion by defendant's attorneys for judgment in its favor notwithstanding the verdict was granted, and the decision duly excepted to. Judgment was entered in defendant's favor and plaintiff appealed.

For the appellant there was a brief by *J. W. Wegner*, at-

torney, and *C. H. Van Alstine*, of counsel, and oral argument by *Mr. Van Alstine.*

For the respondent there was a brief by *Van Dyke & Van Dyke & Carter*, and oral argument by *W. E. Carter.*

MARSHALL, J.   This is the sole question we are called upon to decide in this case: If a citizen of a sister state, having a claim against another such citizen, allow the period limited by law for its enforcement in the courts of such state to expire, can he then come into this state and enforce such claim in its courts if the necessary service can be obtained to give the court jurisdiction of the defendant in the action?

It is conceded that the effect of the statute of limitations of this state extinguishes the right upon which it has completely operated. *Brown v. Parker*, 28 Wis. 21; *Knox v. Cleveland*, 13 Wis. 245; *Sprecher v. Wakeley*, 11 Wis. 432; *Kahn v. Lesser*, 97 Wis. 217.   It is further conceded that if the statute of limitations of the state of Illinois has the same effect, plaintiff's claim was extinguished before this action was commenced, and hence defendant was entitled to the judgment rendered.   It is the universal rule that so long as a limitation act operates on the remedy only, the law of the forum governs.   When the right itself has been extinguished by the effect of the limitation act upon it, such effect attaches to and becomes inseparable from such right in the courts of this state.

Expressions of like character as above are found in numerous adjudications, yet the subject is frequently reviewed by the courts for want of an accurate understanding of terms. In *Baker v. Stonebraker*, 36 Mo. 338, this statement of the rule was made: "The doctrine is well established that where the limitation operates to extinguish the contract or debt, the case no longer falls within the law of limitations on the remedy merely.   In such cases when the debt or judgment is sued on in another state, the *lex loci contractus* and not the

*lex fori* is to govern." To the same effect are Story, Conflict of Laws, § 582; *Shelby v. Guy*, 11 Wheat. 361; *Perkins v. Guy*, 55 Miss. 153; *Woodman v. Fulton*, 47 Miss. 682; *McCracken Co. v. Mercantile T. Co.* 84 Ky. 344; *Wires v. Farr*, 25 Vt. 41; *Whitehurst v. Dey*, 90 N. C. 542; Wood, Limitations, § 13.

What is meant by the term " extinguish the right " as used in the adjudications and by the text writers, in discussing the subject under consideration, is not actual satisfaction of the right by the operation of the statute of limitations. The idea is that a right to insist upon the statutory bar is a vested property right protected by the constitution, the effect of which is to forever prevent the judicial enforcement of the demand affected by it, against the will of the owner of the prescriptive right. Deprivation of the remedy under such circumstances that there can be no adverse restoration of it. is a destruction or extinguishment of the right to which such remedy relates. The law deals only with enforceable rights, and if such a right be changed to a mere moral obligation,. in a legal sense it no longer exists at all.

It follows necessarily that when a defense to a right has. become vested beyond recall without consent of the person in whose favor it operates, so that his adversary is powerless. to enforce such right beyond power of adverse restoration, it is, to all intents and purposes, as effectually satisfied as if paid or otherwise discharged. As the court put it in *Woodman v. Fulton, supra,* ' The bar created by the statute of limitations is as effectual as payment or any other defense, and when once vested cannot be taken away even by the legislature.' That is the doctrine of this court expressed in many cases. In *Sprecher v. Wakeley*, 11 Wis. 432, this rule was approved as to the effect of a completed limitation period upon the title to property. A bar produced by operation of the statute of limitations to an action upon a contract is as effectual as payment or any other defense, and although

it is a general principle that the statute bars only the remedy and does not destroy the right, yet where the defense has been vested no subsequent renewal of the right to sue, as by repeal of the statute or otherwise, without consent of the party entitled to the defense, operates to take away or destroy such defense. In *Brown v. Parker*, 28 Wis. 21, the rule was decided to apply to property rights as well as to tangible property, on the ground that a vested right of defense is itself property and supersedes, annuls, and extinguishes that upon which it operates. That doctrine has ever since been the law of this state, and it is now too firmly entrenched in our jurisprudence to be open to question, whatever may be the individual or even collective opinions of judges as to whether the question was settled right or wrong originally. *Pleasants v. Rohrer*, 17 Wis. 577; *Austin v. Saveland's Estate*, 77 Wis. 108; *Howell v. Howell*, 15 Wis. 55; *Lindsay v. Fay*, 28 Wis. 177; *Arimond v. Green Bay & M. C. Co.* 31 Wis. 316; *Carpenter v. State*, 41 Wis. 36; *Pierce v. Seymour*, 52 Wis. 272. Nevertheless we should say that the logic of the opinion in *Brown v. Parker*, and in the cases which preceded and followed, treating of the subject, is far more satisfactory than that of decisions elsewhere holding that there cannot be a property right in a defense and that one's financial safety, so far as relates to money demands, is hedged about by state lines, and even there, may be the subject of legislative interference. The reasoning that gives to limitation acts, as regards all property, interests, and claims, the effect of an irrevocable sentence of silence which is protected as property by constitutional guarantees, is reasonable in our judgment. We are not unmindful of the fact that this doctrine is not sustained by the supreme court of the United States, but that cannot change our views at this late day as to the effect of our own statute, nor as to the effect in this state of the statutes of a sister state, which have received at home the same construction given to similar

statutes here.   As said in *Pierce v. Seymour, supra,* it is the
settled law in this state that a completed statutory period
of limitations upon the enforcement of a claim not only
takes away the remedy for such enforcement, but the claim
also.

The foregoing conclusion differs from the views of the
federal supreme court, as before indicated, in that it is there
held that a mere defense of the statute of limitations is not
a property right upon which constitutional guarantees can
operate; that unless coupled with title to property the bar
of the statute in one jurisdiction will not be effective in an-
other; that as to mere money demands it operates on the
remedy only, and the law of the forum governs.   It is there
recognized, as held in this opinion, that the point of differ-
ence between the two doctrines is whether a defense of the
statutory bar to the enforcement of a right is itself property,
and that the effect of an affirmative holding is that such
property right extinguishes the right upon which it operates.
In the leading case on the subject, *Campbell v. Holt,* 115 U. S.
620, the court divided.   Justice MILLER, who delivered the
opinion upon which the decision was based, remarked: "We
are unable to see how a man can be said to have a property
right in the bar of the statute as a defense to his promise to
pay.   In the most liberal extension of the use of the word
'property' it is new to call the defense of lapse of time, to
the obligation to pay money, property."   On the other hand,
Justice BRADLEY, with whom Justice HARLAN concurred, in
a dissenting opinion replete with unanswerable logic, said the
constitutional guaranty against deprivation of property with-
out due process of law "was intended to protect every valu-
able right which a man has.   The term 'property'" in the
constitutional provision "embraces all valuable interests
which a man may possess outside of himself; that is to say,
outside of life and liberty."   It "extends to every species of
vested right."   "An exemption from a demand or an im-

munity from prosecution in a suit is as valuable to the one party as the right to the demand or to prosecute the suit is to the other. The two things are correlative, and to say that the one is protected by constitutional guarantees and the other not, seems to me almost an absurdity. My property is as much imperiled by an action against me for money as it is by an action against me for my land or my goods. Is not a right of defense to such an action of the greatest value to me? If it is not property in the sense of the constitution, then we need another amendment to that instrument; but it seems to me there can hardly be a doubt that it is property." The opinion is supported by an abundance of authority cited. It states the doctrine of this court on the subject with strict accuracy. It remains to be seen whether the doctrine of the Illinois court is the same.

Now, notwithstanding numerous statements by the Illinois supreme court that the statute of limitations acts on the remedy, if it holds that a completed statutory period of limitation in favor of a person charged with a liability, is a vested property right, that, as indicated, is the same as holding that it extinguishes the right affected by it. In other words, while the test of whether the statute of limitations of Illinois, when fully run upon a claim, bars the right to such claim in the courts of this state, is whether it extinguishes such right in Illinois, the test of whether such is its effect in such state is whether the right to the benefit of the statutory bar is there considered a constitutional privilege that cannot be taken from its possessor adversely.

In the light of the foregoing, we turn to *Board of Education v. Blodgett*, 155 Ill. 441, and there find the principle decided in *Brown v. Parker*, 28 Wis. 21, announced as the law of that state. The court said, in substance, that when the statute of limitations has run against a demand, the demand is gone because the defense of the bar of the statute is a vested right which the legislature cannot take away, either

by a repeal of the statute or by an affirmative act, and that the rule applies whether the limitation affects real or personal property, or a claim on contract or sounding in tort; that the right to a defense, when fully vested, is as valuable as a right of action and is equally subject to constitutional protection.  No expression found in the books goes further than that, not even the dissenting opinion of Justice BRADLEY in *Campbell v. Holt*, 115 U. S. 620.  In a still later case, *Fish v. Farwell*, 160 Ill. 236, the court said, "A right of defense against a money demand arising from the complete running of the statute of limitations, is property within the protection of the constitutional guaranty of due process of law."

Now, to go further with the Illinois cases would serve no valuable purpose.  It may be conceded that there are many expressions found in them to the effect that limitation acts operate on the remedy, as in *Suppiger v. Gruaz*, 137 Ill. 216, to which our attention was particularly invited.  Such expressions, however, are not inconsistent at all with the undoubted rule of the Illinois court that when the operation of the statute upon the remedy is complete the right to the benefit of the bar thus created is property and protected as such by the constitutional guaranty like any other property, and that such protection goes with its possessor into any jurisdiction into which he may travel.

So it is as plain as English words can state it, that the bar of the statute of limitations of Illinois, upon a remedy in its courts, is a vested property right which forever extinguishes, there, a cause of action upon which it operates, therefore such bar is likewise effectual here if seasonably pleaded and insisted upon.  That was done in this case, and it warranted the judgment appealed from.

*By the Court.*— The judgment of the superior court is affirmed.

DODGE J., dissents.