HAASE, Appellant, v. SAWICKI and another, Respondents.

*May 2—June 4, 1963.*

---

For the appellant there was a brief by *Alvin L. Zelonky,* attorney, and *Moore & Moore* of counsel, all of Milwaukee, and oral argument by *Gary E. Moore.*

For the respondents there was a brief by *deVries, Hollander & Vlasak,* attorneys, and *Arthur J. Vlasak* of counsel, all of Milwaukee, and oral argument by *Arthur J. Vlasak.*

CURRIE, J. The issue on this appeal is whether the retroactive feature of sub. (2) of sec. 330.205, Stats., by which the legislature attempted to make a three-year lim-

itation applicable to causes of action which had become barred by the two-year limitation period prior to January 31, 1962, offends the due-process clause of the Fourteenth amendment to the United States constitution and sec. 1, art. I of the Wisconsin constitution.[2]

There is a division of authority with respect to whether a legislature may constitutionally revive a tort action, which has become barred by a statute of limitations, by thereafter enlarging the limitation period and applying it retrospectively as was attempted in the instant case. Annos. 36 A. L. R. 1316, 1321, and 133 A. L. R. 384, 390. An analysis of the cases discloses that the difference in result turns on whether the applicable statute of limitations is construed to extinguish the right or merely the remedy. This court, by a long line of cases, has followed the construction that our statutes of limitation extinguish the right as well as the remedy.

In *Maryland Casualty Co. v. Beleznay* (1944), 245 Wis. 390, 393, 14 N. W. (2d) 177, Mr. Chief Justice ROSENBERRY, speaking for the court, declared:

"In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection. *Laffitte v. Superior* (1910), 142 Wis. 73, 125

---

[2] It is well settled by Wisconsin case law that the various freedoms preserved by sec. 1, art. I, Wis. Const., are substantially the equivalent of the due-process and equal-protection-of-the-laws clauses of the Fourteenth amendment to the United States constitution. *Pauly v. Keebler* (1921), 175 Wis. 428, 185 N. W. 554; *Boden v. Milwaukee* (1959), 8 Wis. (2d) 318, 324, 99 N. W. (2d) 156; and *Lathrop v. Donohue* (1960), 10 Wis. (2d) 230, 235, 102 N. W. (2d) 404.

N. W. 105; *Estate of Weiss* (1937), 224 Wis. 192, 271 N. W. 918."

Other cases so holding are *Reistad v. Manz* (1960), 11 Wis. (2d) 155, 159, 105 N. W. (2d) 324; *First Nat. Bank v. Kolbeck* (1945), 247 Wis. 462, 464, 19 N. W. (2d) 908, 161 A. L. R. 882; *Long v. Mates* (1935), 219 Wis. 414, 415, 263 N. W. 371; *State v. Chicago & N. W. R. Co.* (1907), 132 Wis. 345, 361, 362, 112 N. W. 515; *Eingartner v. Illinois Steel Co.* (1899), 103 Wis. 373, 375, 79 N. W. 433; *Pierce v. Seymour* (1881), 52 Wis. 272, 276, 277, 9 N. W. 71; *Brown v. Parker* (1871), 28 Wis. 21, 28; and *Sprecher v. Wakeley* (1860), 11 Wis. 451 (*432), 462 (*439).

In some jurisdictions a distinction has been made, for purposes of retrospective revival of actions, between a statutory bar which operates to invest persons with a constitutionally protected title to property and a bar which merely constitutes a defense to a personal demand. 16 C. J. S., Constitutional Law, pp. 1261, 1262, sec. 266. This court, however, has not drawn such a distinction.

The legislature may not constitutionally enact retrospective laws creating new obligations with respect to past transactions. 16A C. J. S., Constitutional Law, p. 99, sec. 417. Two cases so holding are: *Todd v. Morgan* (1959), 215 Ga. 220, 109 S. E. (2d) 803, and *Opinion of the Justices* (1956), 334 Mass. 711, 714, 134 N. E. (2d) 923. See also *Sturges v. Carter* (1885), 114 U. S. 511, 519, 5 Sup. Ct. 1014, 29 L. Ed. 240, and *Estate of Riley* (1959), 6 Wis. (2d) 29, 37, 94 N. W. (2d) 233. If a statute of limitations extinguishes the right as well as the remedy, then a statute which attempts to reinstate a cause of action that has been barred is constitutionally objectionable under the foregoing rule. This is because the statute seeks to impose a new duty or obligation even though none existed when the retrospective statute was enacted. This rationale

is particularly well stated by Mr. Justice MARSHALL in *Eingartner v. Illinois Steel Co., supra,* as follows (103 Wis. at page 376) :

"What is meant by the term 'extinguish the right' as used in the adjudications and by the text writers, in discussing the subject under consideration, is not actual satisfaction of the right by the operation of the statute of limitations. The idea is that a right to insist upon the statutory bar is a vested property right protected by the constitution, the effect of which is to forever prevent the judicial enforcement of the demand affected by it, against the will of the owner of the prescriptive right. Deprivation of the remedy under such circumstances that there can be no adverse restoration of it is a destruction or extinguishment of the right to which such remedy relates. The law deals only with enforceable rights, and if such a right be changed to a mere moral obligation, in a legal sense it no longer exists at all.

"It follows necessarily that when a defense to a right has become vested beyond recall without consent of the person in whose favor it operates, so that his adversary is powerless to enforce such right beyond power of adverse restoration, it is, to all intents and purposes, as effectually satisfied as if paid or otherwise discharged. As the court put it in *Woodman v. Fulton* . . . [ (1873), 47 Miss. 682], 'The bar created by the statute of limitations is as effectual as payment or any other defense, and when once vested cannot be taken away even by the legislature.' That is the doctrine of this court expressed in many cases."

The retrospective feature of sec. 330.205 (2), Stats., was held unconstitutional in an able opinion by the late Judge PATRICK T. STONE in *Lundquist v. Coddington Bros., Inc.* (D. C. Wis. 1962), 202 Fed. Supp. 19. There the wrongful-death action was commenced in 1961 more than two years, but less than three years, after the fatal accident which caused the alleged wrongful death. Thus, as in the instant case, the cause of action had been extinguished by the two-year statute of limitation provided in sec. 330.21

(3) at the time sec. 330.205 (2) was enacted. The opinion cites and quotes extracts from the opinions in *Maryland Casualty Co. v. Beleznay, supra; State v. Chicago & N. W. R. Co., supra; Pereles v. Leiser* (1903), 119 Wis. 347, 96 N. W. 799; and *Estate of Riley, supra*.

Plaintiff's brief cites *Schultz v. Vick* (1960), 10 Wis. (2d) 171, 102 N. W. (2d) 272, as pointing to a different conclusion. There, however, we were concerned with a retrospective amendment to the two-year notice-of-injury statute, formerly sec. 330.19 (5). We there held that the change in this notice requirement affected merely a procedural matter. This was in keeping with prior holdings of this court that the notice-of-injury requirement was not a statute of limitations but merely a condition precedent to the commencement of a personal-injury suit where the summons and complaint was not served within two years of the accrual of the cause of action. *Nelson v. American Employers' Ins. Co.* (1952), 262 Wis. 271, 276, 55 N. W. (2d) 13, and cases cited therein.

Plaintiff's counsel also place great reliance on *Chase Securities Corp. v. Donaldson* (1945), 325 U. S. 304, 311, 65 Sup. Ct. 1137, 89 L. Ed. 1628, and quote several paragraphs of the opinion in their brief including this paragraph:

"In *Campbell v. Holt* . . . [(1885), 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483], this Court held that where lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar. This has long stood as a statement of the law of the Fourteenth Amendment, and we agree with the court below that its holding is applicable here and fatal to the contentions of appellant."

One feature of the *Chase Securities Case* which distinguishes it from the instant case is that it affirmed the decision of the Minnesota supreme court [3] which held that the running of the statute of limitations, which defendant relied upon as a bar, merely extinguished the remedy and not the right. Nevertheless, we find it unnecessary to decide whether this distinction would afford a sufficient basis for this court to hold that the retrospective feature of sec. 330.205 (2), Stats., violates the due-process clause of the Fourteenth amendment.

The opinion by the United States supreme court in the *Chase Securities Case* also noted that some states had not followed *Campbell v. Holt* "in construing provisions of their constitutions similar to the due-process clause" and by footnote cited *Eingartner v. Illinois Steel Co., supra,* among other cases as so holding. It is impossible to tell from reading this court's opinion in the *Eingartner Case,* however, whether the phrase "the constitution," that appears in the hereinbefore-quoted extract therefrom, refers to the United States constitution or the Wisconsin constitution. An examination of the printed briefs submitted in the *Eingartner Case* has cast no light on this question either. Nevertheless, this court is not inclined to give a more-restrictive construction to sec. 1, art. I, Wis. Const., than does the United States supreme court in interpreting the due-process and equal-protection-of-the-laws clauses of the Fourteenth amendment. Cf. *Boden v. Milwaukee* (1959), 8 Wis. (2d) 318, 324, 99 N. W. (2d) 156.

Plaintiff's counsel, however, have overlooked a portion of the opinion in the *Chase Securities Case,* that does provide the basis for resolving the instant controversy. It is set forth at page 312, in footnote 8, in which the court ex-

[3] *Donaldson v. Chase Securities Corp.* (1943), 216 Minn. 269, 13 N. W. (2d) 1.

plained why that case was not controlled by *William Danzer & Co. v. Gulf & S. I. R. Co.* (1925), 268 U. S. 633, 45 Sup. Ct. 612, 69 L. Ed. 1126, and *Davis v. Mills* (1904), 194 U. S. 451, 24 Sup. Ct. 692, 48 L. Ed. 1067. We quote a portion of that footnote as follows:

"In the *Danzer* case it was held that where a statute in creating a liability also put a period to its existence, a retroactive extension of the period after its expiration amounted to a taking of property without due process of law. Read with the *Danzer* case, *Davis v. Mills* stands for the proposition that the result may be the same if the period of limitation is prescribed by a different statute if it 'was directed to the newly created liability so specifically as to warrant saying that it qualified the right.' 194 U. S. 454. But the situation here plainly does not parallel that in the *Danzer* case, and the state court whose province it is to construe state legislation has found no parallel to the *Davis* case. At the time this action was commenced the Blue Sky Law of Minnesota had imposed on appellant a duty; it had not explicitly created a liability. The liability was implied by the state's common law; the period of limitation was found only in the general statute of limitations enacted many years earlier. The state court concluded that the challenged statute did not confer on appellees a new right or subject appellant to a new liability."

A cause of action for wrongful death did not exist at common law; it is dependent upon statute for its existence. *Frasier v. Public Service Interstate Transportation Co.* (2d Cir. 1958), 254 Fed. (2d) 132, 68 A. L. R. (2d) 1333; *Hall v. Gillins* (1958), 13 Ill. (2d) 26, 147 N. E. (2d) 352; *Cowgill v. Boock* (1950), 189 Or. 282, 218 Pac. (2d) 445, 19 A. L. R. (2d) 405, and Restatement, Conflict of Laws, p. 478, sec. 390, comment *a*. The Wisconsin legislature first provided a cause of action for wrongful death by enacting ch. 71, Laws of 1857. Sec. 2 of that chapter imposed a two-year statute of limitations from date

of death upon such newly created right of action. This statute was printed in ch. 135, Survival of Actions, in R. S. 1858 with sec. 12 thereof setting forth the cause of action and sec. 13 the two-year statute of limitations. R. S. 1858, ch. 138, sec. 19, also contained a general two-year limitation on statutory causes of action except where the statute imposing liability prescribed "a different limitation." In R. S. 1878, the wrongful-death cause of action was printed as secs. 4255 and 4256, but the limitation was removed therefrom and put in the limitations chapter as sec. 4224 (3). This removal of the two-year wrongful-death limitation to the chapter on limitations was done by the revisors of the statutes. Revisors' Notes (1878), p. 289. This practice of printing the limitation and the cause of action in two different chapters has apparently continued unchanged to the present time.

It thus appears from the foregoing statutory history that the very statute creating the liability also put a limit to its existence. Thus the instant case is directly ruled by *William Danzer & Co. v. Gulf & S. I. R. Co., supra,* which held that the retrospective extension of the limitation period after its expiration amounted to a taking of property without due process of law.

*By the Court.*—The order appealed from is affirmed.

FAIRCHILD, J., dissents.