George A. KORKOW and Gerald A. Korkow, Plaintiffs-Respondents,

v.

GENERAL CASUALTY COMPANY OF WISCONSIN, Defendant-Appellant.†

Court of Appeals

*No. 82–073.  Argued February 16, 1983.—Decided April 18, 1983.*
(Also reported in 333 N.W.2d 124.)

For the defendant-appellant there were briefs by *Clyde C. Cross* and *Wayne L. Maffei* and *Cross, Mercer and Maffei* of Baraboo, and oral argument by *Wayne L. Maffei.*

† Petition to review granted.

For the plaintiffs-respondents there was a brief by *Craig L. Parshall* and *Law Offices of John J. McLario,* of Menomonee Falls, and oral argument by *Craig L. Parshall.*

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

DYKMAN, J. General Casualty Company of Wisconsin appeals from a judgment in favor of Gerald Korkow for $30,172.50 and from the order denying its motion for a directed verdict against him. We reverse the trial court's judgment and order because we conclude that the trial court erred by allowing Gerald Korkow to be added as a plaintiff after the time for commencing an action had expired.

On April 7, 1980, George Korkow commenced an action against General Casualty on a fire insurance policy. The fire occurred November 5, 1979. On May 1, 1980, General Casualty answered denying liability and asserting that George Korkow did not possess an insurable interest in the property.

On December 10, 1980, George moved to amend his complaint to add Gerald as an additional plaintiff. The court granted the motion on February 9, 1981. General Casualty answered denying that insurance proceeds were owed because Gerald failed to commence suit within twelve months after the loss, as required by the policy and sec. 631.83(1)(a), Stats.[1] The answer also asserted affirmative defenses of lack of insurable interest, arson and misrepresentation in the policy application.

A jury found for Gerald and George on the issue of arson and for General Casualty on the issue of breach of good faith obligation. General Casualty moved to dismiss George's claim because he did not establish an insurable

---

[1] Section 631.83(1)(a), Stats., states in pertinent part: "An action on a fire insurance policy must be commenced within 12 months after the inception of the loss."

interest in the property and to dismiss Gerald's claims because he did not commence this action within the limitations period.

The court granted the motion to dismiss George's claim. That part of the order is not appealed. The court denied the motion to dismiss Gerald's action on the policy. It held that sec. 803.01(1), Stats., permitted amendment of the original complaint to add Gerald as the real party in interest even after the statute of limitations had run.[2] The court rejected the contention that the relation back should be based on sec. 802.09(3), Stats.[3]

Gerald was added as an additional plaintiff after the limitations period had run on his right to bring suit against General Casualty for the fire insurance proceeds. George's action was timely brought. The question is whether under these circumstances George's complaint could be amended to add Gerald as a plaintiff.

[2] Section 803.01(1), Stats., states:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

[3] Section 802.09(3), Stats., states:

If the claim asserted in the amended pleading arose out of the transaction, occurrence or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

Section 803.01(1), Stats., was enacted by supreme court order in 67 Wis. 2d 638–39, effective January 1, 1976, under its rule-making authority contained in sec. 751.12, Stats. That section states in pertinent part:

The state supreme court shall, by rules promulgated by it from time to time, regulate pleading, practice and procedure in judicial proceedings in all courts, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. *The rules shall not abridge, enlarge or modify the substantive rights of any litigant.* [Emphasis supplied.]

General Casualty argues that the trial court's application of sec. 803.01(1), Stats., to add Gerald as an additional plaintiff abridged its substantive rights.

"Under Wisconsin law the expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar. The passage of time itself destroys the right and remedy of the injured party." *In Matter of Estate of Fessler,* 100 Wis. 2d 437, 448, 302 N.W.2d 414, 420 (1981) (citation omitted). The defendant's right to insist on the statutory bar is constitutionally protected under the due process clause of the fourteenth amendment to the United States Constitution and art. I, sec. 1 of the Wisconsin Constitution. *Haase v. Sawicki,* 20 Wis. 2d 308, 312, 121 N.W.2d 876, 878 (1963).

Section 803.01(1), Stats., as applied, enlarged the statute of limitations period. Gerald was added as an additional plaintiff after the statute of limitations ran. This application adversely affected General Casualty's substantive rights to insist on the statutory bar. The trial court therefore erred by allowing Gerald Korkow to be

added as an additional plaintiff in George Korkow's action.

*By the Court.*—Judgment and order reversed, and cause remanded for further proceedings consistent with this opinion.