80 329
85 447

CHARLES L. HOLT *vs.* ROSCOE LIBBY and trustees.

Cumberland. Opinion March 16, 1888.

*Executor. Legacy. Trustee process. " Specific." R. S., c. 65, § 31.*

The rule of law that an executor may retain a legacy in whole or partial satisfaction of a debt due to the estate from the legatee, does not apply to a debt which has become barred by the statute of limitations, unless the will affirmatively shows that the testator intended that such an offset should be made.

A creditor, who upon trustee process attaches a legacy due to his debtor, has the same right which the debtor would have, to interpose the statute of limitations, as a defense against a debt claimed by the executor against the legatee in satisfaction of the legacy.

The word " specific " as used in R. S., c. 65, § 31, is not to be taken in a technically testamentary sense, but means definite, special or particular in a general sense.

Any legatee of a residuary or specific legacy may recover the same in a suit at law.

ON exceptions from the superior court.

Trustee process. The trustees disclosed that they were the executors of the last will of Edward Libby, who died September 11, 1886; that the principal defendant had a legacy under the will of two hundred dollars, and was indebted to the estate for a promissory note dated October 21, 1876, for one hundred and thirty dollars, payable on demand with interest. It was agreed that the note became barred by the statute of limitations, October 21, 1882. The exceptions were to the ruling of the court discharging the trustees.

*Frank W. Robinson*, for the plaintiff, cited: R. S., c. 86, §§ 36, 64, 66; c. 82, §§ 55–68; *Cummings* v. *Garvin*, 65 Maine, 301; *Wadleigh* v. *Jordan*, 74 Maine, 485; 1 Pom. Eq. Jur. § 541; *Allen* v. *Edwards*, 136 Mass. 138; *Nickerson* v. *Chase*, 122 Mass. 296; *Blackler* v. *Boott*, 114 Mass. 24; *Call*

v. *Chapman*, 25 Maine, 128; *Robinson* v. *Safford*, 57 Maine, 163; *Reed* v. *Marshall*, 90 Pa. 345; *Prescott* v. *Morse*, 62 Maine, 447; *Smith* v. *Lambert*, 30 Maine, 137; *Farwell* v. *Jacobs*, 4 Mass. 634; *Smith* v. *Ellis*, 29 Maine, 426; *Whitney* v. *Munroe*, 19 Maine, 44; Ang. Lim. (6th ed.) § 285; *Lord* v. *Morris,* 18 Cal. 482; *Sawyer* v. *Sawyer*, 74 Maine, 580; *Oates* v. *Lilly*, 84 N. C. 643; McConnell, Trustee Process, § 3; *Strong* v. *Smith*, 1 Met. 476; *Wheeler* v. *Bowen*, 20 Pick. 563; *McBride* v. *Protection Ins. Co.* 22 Conn. 248; *Pettingill* v. *Androscoggin R. Co.* 51 Maine, 371; *Ricker* v. *Moore,* 77 Maine, 295; 2 Story Eq. Jur. (12th ed.) § 1047; 1 Pom. Eq. Jur. § 137, p. 121, note 3; *National Exchange Bank* v. *McLoon*, 73 Maine, 504; *Pollard* v. *Somerset Mut. F. Ins. Co.* 42 Maine, 221; *Peterson* v. *Chemical Bank*, 32 N. Y. 21.

*W. R. Anthoine*, for trustees.

Where a creditor bequeaths a legacy to his debtor and does not mention the debt, and after his death the securities or notes are found uncancelled among his effects, such legacy is not necessarily or even *prima facie* a release or extinguishment of the debt. *Wilmot* v. *Woodhouse*, 4 Bro. C. C. 226; *Brokaw* v. *Hudson*, 27 N. J. Eq. 135.

It seems to be a well settled principle that an executor may retain a legacy in payment of a debt *pro tanto*, although all right of action on the debt is barred by the statute of limitations. *Coates* v. *Coates*, 33 Beav. 249; *Rose* v. *Gould*, 15 Beav. 189; Schouler on Exrs. and Admrs. 470; Wigram on Wills, 367; Williams on Exrs. 1304; Roper on Legacies, 1064, 1065, 1070; 2 Redfield, Wills, 189.

Section 63, c. 82, R. S., does not apply to this case. " It was manifestly the intention of the legislature to limit the operation of the statute to the demands between the parties themselves, during the lifetime of both, and that no change should be affected by the death of either in this respect, excepting by the substitution of the executor or administrator for the deceased." *Adams* v. *Ware*, 33 Maine, 228.

Had the principal defendant brought action against these

executors to recover his legacy, he could not have successfully pleaded the statute of limitations against his note. *Courtney* v. *Williams*, 3 Hare, 589; *Coates* v. *Coates*, 33 Beav. 249; *Rose* v. *Gould*, 15 Beav. 189.

It is a fundamental principle of trustee process, that the plaintiff can acquire no greater rights against the trustee than the principal defendant himself possesses. *Wilcox* v. *Mills*, 4 Mass. 218; *Sanford* v. *Bliss*, 12 Pick. 116; R. S., Maine, c. 86, § 42.

PETERS, C. J.   It is a general rule, in the settlement of legacies by an executor, that he may retain the legacy, the whole or a sufficient portion, in satisfaction of the legatee's debt to the estate, if the testator does not indicate, either in the terms of the bequest or in other parts of the will, that it shall be otherwise.   This is the rule both in law and equity.

The English practice goes further, and allows the rule to prevail, on the idea of lien, as to debts which have become barred by the statute of limitations.   The leading case maintaining the English rule seems to be *Courtney* v. *Williams*, 3 Hare, 539.   Subsequent English cases follow in the same line. *Rose* v. *Scales*, 15 Beav. 189; *Coates* v. *Coates*, 33 Beav. 249; 1 Redf. Wills, 489, and cases cited in note.   One or two of the American state courts may have practiced on the English rule.

But a legacy was recoverable in England, in the day of the authorities cited, only in chancery.   The same rule of equitable set-off prevails in that country not only as to legacies, but also as to the share of one entitled as next of kin in the estate of an intestate.   *In re Cordwell's Estate*, L. R. 20 Eq. 644.   The reason assigned in the latter case for the rule is, that "until the debtor discharges his duty to the estate by paying the debt he owes to it, he can have no right or title of it under the statute."

This doctrine cannot be applicable in this state, and in most of the states, where a legacy is made by statute, if not by ancient practice, a legal claim.   With us it is a distinct and independent legal claim.   The estate is just as much of a debtor to the indebted legatee as the legatee is to the estate.   Each has a legal

right and remedy. And a statute-barred debt is no more recoverable by an estate than by any other creditor. To our minds, this is the better doctrine. Observation leads us to believe that a testator is more likely to intend to remit than to collect such debts, when nothing is declared of them by him in his will, especially debts against his children and relatives. In many instances such claims are covered by the dust of time and forgotten, though found by executors after the death of the testators. In many other instances .the advances are intended as benefactions and ·gifts, conditioned upon some unforeseen circumstance arising to make it expedient to regard them as debts. The question under discussion has been in Maine already practically, and in Massachusetts expressly and fully, decided in accordance with these views. *Wadleigh* v. *Jordan,* 74 Maine, 483 ; *Allen* v. *Edwards,* 136 Mass. 138.

The other question of the case is, whether a plaintiff, who attaches a legacy by the trustee process, is permitted to set up the limitation bar to an offset claimed by an executor against the debtor-legatee. We think it is both logical and reasonable that the creditor should have the same right to the thing attached and all its incidents that the debtor has: If his attachment becomes perfected, the debtor's right becomes his right, and he should have the power to save and protect it as if his own. The law can make an assignment of the legacy as effectually as the legatee himself can. Otherwise, we should in the present case have, as has been suggested, the curious result of an attaching creditor failing to collect a legacy which his debtor can collect. It would allow an assignor to enjoy the benefit of a claim the title to which had legally passed to an assignee. The principle involved in this point has been virtually settled in favor of the plaintiff by the case of *Sawyer* v. *Sawyer,* 74 Maine, 580, and the very satisfactory reasoning in that case is as pertinent to the facts in this case as to the facts there.

By R. S., ch. 65, § 31, any legatee of a residuary or specific legacy under a will may recover the same in a suit at law. The word specific is not here used in a strictly technical testamentary sense, but means definite, particular, or special. Any legacy

may be recovered by legal remedy, unless from exceptional reasons, equity should be resorted to.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.