In re WOODS.

(District Court, D. Pennsylvania. October 28, 1904.)

No. 319.

1. BANKRUPTCY—PROVABLE CLAIMS.

Where the father of a bankrupt, to whom she was indebted, died after her adjudication, the right of his executors to prove the full indebtedness against her estate in bankruptcy is not affected by the fact that by his will he left her a share of his estate, from which any indebtedness due from her was directed to be deducted.

2. SAME—BEQUEST ACCRUING AFTER BANKRUPTCY—PROVISION FOR DEDUCTION OF INDEBTEDNESS THEREFROM.

Where a bankrupt, subsequent to the filing of an involuntary petition and an adjudication thereon, fell heir by the death of her father to a certain interest in his estate, which he left her by will, providing, however, for the deduction of her indebtedness to him therefrom, she is entitled to the benefit of such bequest in full, so far as her general creditors are concerned, subject only to the contingency of not obtaining a discharge, whatever right to retain her indebtedness out of her interest may exist in favor of her father's executors.

In Bankruptcy. On exceptions to report of M. H. Taggart, referee, sur motion to expunge claim.

W. K. West, for exceptions.
Edward S. Gearhart, opposed.

ARCHBALD, District Judge. The respondent, Emma A. Woods, was thrown into bankruptcy on the petition of creditors June 10, 1903, and on June 15th by her voluntary confession an adjudication was made against her. Seven days later, on June 22d, her father, Christian Laubach, to whom she was largely indebted, died, leaving a will by which he gave her one-fifth interest in his estate. The indebtedness of Mrs. Woods to her father amounted at the time of her bankruptcy to some $5,500, and represented money advanced and obligations incurred on behalf of her husband and herself. This indebtedness has been proved in full by the executors, but it is contended by the excepting creditors that it should be reduced by the amount which is coming to Mrs. Woods from the estate, and the present motion is made to compel this.

By his will the testator directed the immediate conversion of his personal and certain of his real estate, for the purpose of paying his debts, but provided, with regard to what was over and above that, that it should be invested and managed by his executors for the term of 10 years before being distributed. At that time, after payment of certain legacies to two of his grandchildren, the residue was directed to be divided among his five children; his daughter Mrs. Woods, the same as the rest, being given "one full equal fifth part or share thereof," after deducting therefrom, however, any indebtedness that either she or her husband might then owe him. While distribution is deferred for the period mentioned, the interest of each child is undoubtedly a vested one; and it is conceded for the purpose of the argument that if the estate were settled now the share of each would amount to $3,000.

It is very clear, and, indeed, it is not otherwise contended, that the interest of Mrs Woods under the will of her father, whatever its character or extent, having fallen to her after the filing of the petition and the entry of the adjudication, forms no part of her estate in bankruptcy, and the trustee acquires no title thereto. Brandenberg, §§ 1152–1154; Collier (4th Ed.) 509. The position taken with regard to it, however, is that by reason of the provision for the deduction of her indebtedness from her share the executors to that extent have in their hands a fund which they are bound to apply before coming in upon the bankrupt estate. But from whatever side we look at it this cannot be sustained. In the first place it is not a fact that the executors have anything in their hands at this time which they could appropriate to the reduction of the claim. Distribution, as we have seen, is not to be made for 10 years, and they have no right to anticipate that event. Moreover, notwithstanding the estimated value of Mrs. Woods' share, if there was to be an immediate settlement of the estate, no one can predict what will be realized from it after so long an interval, and those interested cannot be compelled to take the chance that there will be no change.

But, aside from this, and assuming that the share of Mrs. Woods was immediately available, the result must be the same. The executors stand in the shoes of the testator, and succeed to his rights as they were at the time the petition was filed, by which he was entitled to a dividend on the whole indebtedness then due. It will not be contended, so far as he was concerned, that this right was affected by his contemplated gratuity to his daughter, and it is difficult to see upon what principle it can be abridged as to his executors, now that this has been substantiated by his death. The provision by which the indebtedness of his daughter is to be charged up against her share was not made a condition of the bequest for his own security, but merely to put his several children on an equality, considering what he had previously done for each. It was not intended, as we may assume, for the benefit of her creditors, and it certainly cannot be asserted by them to the prejudice of his estate.

Neither are the rights of Mrs. Woods to be lost sight of in the discussion. Having surrendered her estate to her creditors, under compulsion of the law, she is entitled to the benefit of this bequest, such as it is, unaffected by the past, unless, of course, she fails to secure a discharge, a contingency which is not suggested. It may be, notwithstanding the present proceedings, that when the time comes she will still have to face the indebtedness to her father, and have it deducted from her inheritance according to the terms of the will, not having been obliterated by bankruptcy, so as to defeat the right of retainer, as held by some of the cases (Wyckoff v. Perrine's Ex'rs, 37 N. J. Eq. 118; Courtenay v. Williams, 3 Hare, 539; Holmes v. McPheeters, 149 Ind. 587, 49 N. E. 452; Garrett v. Pierson, 29 Iowa, 304); although there are others in which a more liberal doctrine prevails (Milne's Appeal, 99 Pa. 483; Allen v. Edwards, 136 Mass. 138; Holt v. Libby, 80 Me. 329, 14 Atl. 201). But, however that question may be ultimately decided, it is not to be hampered by anything which may be done here. Not only, therefore, is not her expectancy to be used to cancel her indebtedness in the interest of creditors, but she is entitled, on the contrary, to have

that indebtedness reduced, if not extinguished, by such dividends as may be realized in these proceedings. Only by this means, as between herself and her creditors, will the latter be given their full effect.

The exceptions are overruled, and the report of the referee is confirmed.