GROVER, Executor, Respondent, vs. FLUG, imp., Appellant.

*April 29—June 4, 1929.*

112

For the appellant Flug there was a brief by *Dean & Dean* of Glenwood City, and oral argument by *H. H. Dean.*

For the respondent Woodbury F. Grover the cause was submitted on the brief of *Chas. A. Taylor* of Barron.

For the respondent M. Grover the cause was submitted on the brief of *Coe Brothers* of Barron.

ROSENBERRY, C. J. We shall not incumber the record by a long recital of the facts in this case nor a detailed statement of the arguments made in support of them. The position of the parties is indicated in the statement of facts already made, and we shall do no more than to say in reference thereto that the findings are sustained by the evidence in the case.

With reference to the contention made by the defendant Flug that it was the duty of the executor to offset the claim in this case against the share of M. Grover in the estate of his father and that such offset would amount to a discharge, there are two sufficient answers. In the first place, the matter of offset is a matter between the legatee and the executor and one in which the defendant Flug has no interest under the facts in this case. The liability of M. Grover to the plaintiff is that of an indorser, and if the executor can collect this note from those originally liable thereon, it may well be, as between him and M. Grover, it is his duty to do so. Second, it further appears that the amount which M. Grover has received by way of advancements and with which he is chargeable under the will of his father is considerably in excess of any amount which he may be entitled to receive as legatee. Under such circumstances there can be no question that Flug cannot compel an offset for his own rather

than for the advantage of the estate of the person who became a purchaser for value of the instrument in question.

This matter was before us in *Will of Grover,* 197 Wis. 347, 222 N. W. 228, but the considerations here urged were not brought to the attention of the court. It is considered that the court was guilty of no abuse of discretion in reviving the action in the name of the executor.

*By the Court.*—Judgment affirmed.