WILL OF WEIDIG: WEIDIG, Executor, Appellant, vs. WEIDIG, Respondent.

*January 11—February 9, 1932.*

For the appellant there was a brief by *Wehe & Landry* of Milwaukee, and oral argument by *Waldemar C. Wehe.*

*Albert M. Kelly* of Milwaukee, for the respondent.

OWEN, J.  John Weidig died testate on the 6th day of April, 1924.  Letters testamentary in his estate were granted to Hubert Weidig May 12, 1924.  It appears that there was a final settlement of the estate November 17, 1924, but whether an order of distribution has ever been entered does not appear.  His will contained this provision:

"After the paying of all of my just debts, funeral expenses and a granite marker for my grave same as the one on my wife's grave, all of which it is my wish be done as prompt as possible.  The remainder of my estate it is my wish be shared by my brothers Henry and Hubert, in the following manner, as long as they both live to share in equal parts, as I am sure they will be just to each other.  Should brother Henry die before brother Hubert does, then brother Hubert is to pay out of my estate the sum of $5,000 to my niece Viola Herman, wife of 'Edward A. Herman' who will care for her mother, 'my sister-in-law' Lena who would be the widow of my said brother Henry; also my brother Hubert to pay to the wife of Geo. H. Weidig, 'Elizabeth my niece by marriage' the sum of $2,000, the balance of my estate then to go to my brother Hubert."

Among the assets of the estate of John Weidig was a promissory note executed by Elizabeth Weidig and George H. Weidig, her husband, from whom she is now divorced. Henry Weidig died October 22, 1930, predeceasing his brother Hubert.

The court found that the statute of limitations had run on the note owing to the estate by Elizabeth and her husband prior to the date of Henry's death.  The court held that the amount of this note could not be deducted from the legacy to which Elizabeth became entitled upon the death of Henry under the terms of the will.  Whether that ruling is correct is the only question presented.

While it is well established that the executor or administrator of an estate may deduct from inheritances and legacies amounts owing by heirs or legatees to the estate, a

perusal of notes to be found in 30 A. L. R. 777 and 1 A. L. R. 991 indicates that the exercise of this right gives rise to many questions. One of those questions upon which there is a diversity of judicial opinion is whether a debt due the es-tate upon which the statute of limitations has run may be deducted from a legacy or inheritance. Upon this question the courts are not in agreement, but it is believed that in those states where the running of the statute of limitations is held to operate as an extinguishment of the debt and not merely as a bar to the remedy, it is quite generally held that a debt barred by the statute of limitations prior to the death of the testator or intestate may not be deducted from the amount of a legacy or inheritance in the absence of a contrary intention expressed in the will. Among the cases so holding are *Allen v. Edwards,* 136 Mass. 138; *Holt v. Libby,* 80 Me. 329, 14 Atl. 201; *Milne's Appeal,* 99 Pa. St. 483; *Reed v. Marshall,* 90 Pa. St. 345. Other cases will be found referred to in a note appearing in 16 A. L. R. 341. In this state the running of the statute of limitations is held to extinguish the debt (*Pierce v. Seymour,* 52 Wis. 272, 9 N. W. 71; *Eingartner v. Illinois Steel Co.* 103 Wis. 373, 79 N. W. 433), and by statute (sec. 330.27) it is provided that "a cause of action upon which an action cannot be maintained, as prescribed in this chapter, cannot be effectually interposed as a defense, counterclaim or setoff." In view of the fact that the debt due from the legatee or heir to the decedent is extinguished by the running of the statute of limitations before the death of the decedent, we see no reason for permitting a deduction of the amount of the debt from the amount of the legacy, as the testator could have reduced the legacy by the amount of the debt during his lifetime if such had been his purpose. As was well said by the court in *Holt v. Libby,* 80 Me. 329, at p. 332 (14 Atl. 201):

"Observation leads us to believe that a testator is more likely to intend to remit than to collect such debts, when noth-

ing is declared of them by him in his will, especially debts against his children and relatives. In many instances such claims are covered by the dust of time and forgotten, though found by executors after the death of the testators. In many other instances the advances are intended as benefactions and gifts, conditioned upon some unforeseen circumstances arising to make it expedient to regard them as debts."

However, in this case the statute of limitations had not run upon the note at the time of the testator's death. Neither did the legacy to Elizabeth Weidig become absolute. Under the terms of the will she was to receive $2,000 only in the event that Henry died before Hubert. It was only upon Henry's death that Elizabeth became entitled to the legacy. When that time arrived, the $800 note representing the indebtedness due from her to the estate was extinguished. The rights of the parties must be determined as of the time when Elizabeth became entitled to the legacy under the will. As the indebtedness represented by the note was then extinguished, it did not represent anything which the estate or the executor had any right to retain. It did not constitute an indebtedness of Elizabeth in any sense, as there was nothing in the will of the testator to indicate that the amount of this note should be deducted from her legacy. No reason appears why she should not receive the bounty which the testator intended her to have in the event that Henry should predecease his brother Hubert. Some reliance is placed by the appellant upon the case of *Peterson v. Feyereisen,* 203 Wis. 294, 234 N. W. 496, where it was held that recoupment for fraud did not expire so long as the claim for fraud existed. The doctrine of that case, however, has no application here. This is not recoupment. It is analogous to the right of setoff, and was lost when the note became extinguished by the running of the statute of limitations.

*By the Court.*—Order affirmed.