ESTATE OF WEISS: WEISS, Appellant, vs. FIRST NATIONAL BANK OF MONROE, Administrator, and others, Respondents.

*February 9—March 9, 1937.*

For the appellant there was a brief by *McGowan, Geffs & Persons* of Janesville, and oral argument by *H. H. Persons.*

For the respondents there was a brief by *Dunwiddie & Thurber* of Monroe, and oral argument by *William F. Thurber.*

NELSON, J.    Marie Weiss died on February 8, 1935, leaving a last will and testament which was thereafter admitted to probate. The will is dated January 3, 1925, and excepting for formal parts, consists of three short paragraphs. Paragraph 1 revoked previous wills. Paragraph 3 nominated an executor. Paragraph 2, which the county court construed, is as follows:

"2. I give, devise and bequeath all of my estate, real, personal or mixed, to my children, in equal shares, share and share alike, provided, however, that the indebtedness of any

child to me, evidenced by note or notes, shall be deducted from his or her share."

Marie Weiss, at the time she made her will, was the mother of seven children,—five sons (one of whom is Otto Weiss, the appellant), and two daughters, all of whom survive her. At the time of her death the will was in the custody of the county judge of Green county. It was contained in a sealed envelope. When it was opened by the county judge in the presence of six of the children, a memorandum and three promissory notes were fastened to the will by a clip. This memorandum and the notes were received in evidence as Exhibits "A," "B," "C," and "D."

Exhibit "B" is a note for $140, dated February 10, 1913, payable on demand to Citizens Bank, or order, at Monroe, Wisconsin, with interest at the rate of six per cent per annum, payable annually, signed by the appellant Otto Weiss and Fred Weiss, another son. The following notation was indorsed on the back of that note:

"Mch. 18/14, Int. paid to Feby 10/14 turned over to Marie Wyss July 1, 1921."

Exhibit "C" is a note for $1,000, dated March 1, 1912, payable one year or before after date to Fred Weiss, or order, with interest at the rate of six per cent per annum, payable annually, and signed by Otto Weiss.

Exhibit "D" is a note for $50, dated April 30, 1913, payable six months after date to Citizens Bank, with interest at the rate of seven per cent per annum, payable annually, and signed by Otto Weiss and Fred Weiss.

Exhibit "A," the memorandum, is in words and figures as follows:

"These notes were turned over to Marie Wyss July 1, 1921. Consideration $1,500 Fred Weiss."

Two notes signed by Will Weiss, which need not be particularly described, were also found in the envelope which

contained the will. Fred Weiss testified that some time after Exhibit "D" became due he paid the amount thereof to the payee, Citizens Bank of Monroe; that he likewise paid the amount due the bank on Exhibit "B" when it fell due, and that upon his paying said notes they were turned over to him. Another brother, Robert Weiss, testified that he had overheard conversations between his mother, the testatrix, and his brother, Fred, regarding certain notes which the latter desired the former to take over; that, according to those conversations, the testatrix agreed to take over the notes under an arrangement which would permit her to be credited with the amount of rent which Fred, who was then her tenant, would from time to time owe her. At the time of her death the testatrix had in her possession three other notes bearing dates subsequent to the execution of her will, and signed by Otto Weiss, all of which were barred by the statute of limitations, except a note for $200 which was dated April 21, 1930. She also had in her possession several notes signed by Will C. Weiss, a note signed by Carl Weiss, and a note signed by Robert Weiss.

The administrator with the will annexed insisted that the appellant pay the note for $200, dated April 21, 1930. Whereupon an agreement was entered into whereby, in consideration of the forbearance of said administrator to assert that claim against the appellant until the estate was closed, the latter agreed to secure, and did secure, that note.

The court concluded that it was the intention of the testatrix that all notes held or possessed by her against her children should be deducted from their respective shares, regardless of whether they were barred by the statute of limitations; that interest should be computed on said notes according to the terms thereof, added to the amount of the principal, and likewise deducted; and that the appellant had no right to demand that his share of the estate be applied to the several

notes signed by him in inverse order to that of their respective maturities.

The appellant first contends that in this state where the running of the statute of limitations is held to operate as an extinguishment of the debt, not merely as a bar to the remedy, *Brown v. Parker,* 28 Wis. 21; *Eingartner v. Illinois Steel Co.* 103 Wis. 373, 79 N. W. 433; *Will of Hoya,* 173 Wis. 196, 180 N. W. 940; *Bekkedal v. Viroqua,* 183 Wis. 176, 196 N. W. 879, 197 N. W. 707; *Will of Weidig,* 207 Wis. 107, 240 N. W. 832; *Long v. Mates,* 219 Wis. 414, 263 N. W. 371, a debt barred by the statute of limitations prior to the death of the testator or intestate should not be deducted from the amount of a legacy or inheritance in the absence of a contrary intention expressed in the will. *Will of Weidig, supra.*

Was the county court warranted in concluding that the testatrix intended that the indebtedness of any child to her, evidenced by note or notes, should be deducted from his or her share regardless of the fact that such notes were barred by the statute of limitations? In construing a will, it is the duty of a court to ascertain, if possible, the intention of the testator from the language used by him, considered in the light of the surrounding circumstances existing at the time of its execution. *O'Hearn v. O'Hearn,* 114 Wis. 428, 90 N. W. 450; *Will of Ehlers,* 155 Wis. 46, 143 N. W. 1050; *Will of Richter,* 215 Wis. 108, 254 N. W. 103; *Will of Bresnehan,* 221 Wis. 51, 265 N. W. 93. In construing wills, all rules of construction yield to the cardinal rule that the language of a will should be so construed as to give effect to the intention of the testator if that intention may be ascertained from the language of the will itself, considered in the light of the surrounding circumstances. *Will of Fouks,* 206 Wis. 69, 238 N. W. 869; *Will of Grotenrath,* 215 Wis. 381, 254 N. W. 631. While the word "indebtedness," in its strictly legal sense, relates to a debt or obligation arising upon con-

tract, either express or implied, which is not barred by the statute of limitations, and which therefore may be enforced as an existing claim (see numerous cases digested in Words and Phrases, all four series), it does not necessarily follow that that was the sense or meaning intended by the testatrix.

Construing the language of the will in the light of the circumstances which surrounded the testatrix at the time she made her will, we conclude that the county court was right in construing the will as it did. The language of the will, considered without regard to the surrounding circumstances, might justify the conclusion that she intended that only such indebtedness as was enforceable should be deducted. But in our view, the surrounding circumstances compel a different conclusion. At that time she was the mother of seven children. It is clear from the language of the will that she intended to treat them equally:

"I give, devise and bequeath all of my estate, . . . to my children, in equal shares, share and share alike, provided," etc.

At the time she made her will she had in her possession three notes: One signed by the appellant and payable to Fred Weiss, and two signed by the appellant and Fred Weiss, as accommodation maker, payable to Citizens Bank, all of which notes she had purchased from Fred Weiss for a consideration of $1,500. None of these notes were referred to specifically in the will, but they, and Exhibit "A," which evidenced the consideration paid by her for them to Fred Weiss, were attached to the will by a clip and inclosed within the sealed envelope containing her will. All three notes were in fact outlawed in 1921 when she purchased them, and continued in that state up to 1925, when she made her will. While Exhibit "A" and the notes did not become a part of the will by being fastened to the will or inclosed in the envelope with it, they did constitute a surrounding circumstance which the tes-

tatrix obviously intended should not be overlooked or ignored when her will was opened for the purposes of probate. It seems clear that the testatrix did not intend that the word "indebtedness" should mean or relate to only enforceable notes (those not barred by the statute of limitations), in view of the fact that notes which were actually outlawed were attached to the will and inclosed within the envelope containing it.

Had the testatrix intended that only notes not barred by the statute of limitations at the time of her death should be deducted there would have been little or no reason for making a will, since her estate, in the absence of a will, would be distributed equally among her children. In our opinion, the court was right in deducting the notes, regardless of whether they were outlawed or not.

The author of the annotation found in 1 A. L. R. at page 1009, states the prevailing rule thus:

"Irrespective of the attitude of the courts in any particular jurisdiction on the question where a legacy may be retained in satisfaction of a statute-barred debt owed to the testator, it is uniformly held that where a testator directs that any debts due, or owing to him, from legatees, shall be brought into the division of the estate, or deducted from the share of the one so indebted, the debt must be deducted, though barred by the statute of limitations."

The basis of the rule is that a testator may condition his bounty in any way he sees fit and the legatee must take the bounty, if at all, on the terms imposed. See also subsequent annotations in 30 A. L. R. 775, and 75 A. L. R. 878. Whether the general rule should be recognized and approved without qualification in a state where it is held that the running of the statute of limitations extinguishes the debt, we need not presently decide. In the present case we entertain no doubt that the testatrix intended by the language found

in the will, construed in the light of the surrounding circumstances, that all notes signed by her children, whether barred or not, should be deducted.

The appellant next contends that interest should not have been computed on the notes barred by the statute of limitations and added to the amounts of the principal for purposes of deduction. In view of our conclusion that the barred notes were intended to be deducted, we see no justification for the contention that the interest on such notes should not be considered as indebtedness. The three notes, Exhibits "B," "C," and "D," at the time they were taken over by the testatrix from her son Fred Weiss, were barred by the statute of limitations, but nevertheless several hundred dollars of interest must have been at that time in the contemplation of the parties, since the principal amounts of the notes were considerably less than the $1,500 consideration paid by her for them. In our opinion, the county court was right in computing interest on the notes and adding it to the principal thereof for the purpose of determining the amount of the indebtedness of any child.

The appellant next contends that his share of the estate should be considered as having the nature of a payment made by him on his indebtedness to the estate, and that therefore he should have the right to specify the debts to which his share should be applied. There is, in our view, no justification for applying to the situation here the rule which permits a debtor to determine to which of his debts his payments shall be applied. No authority is cited by appellant in support of his contention. To permit him to apply his share to such of his indebtedness as he sees fit would obviously permit him to pay his note which is not barred by the statute of limitations, and wipe out a good asset of the estate to the detriment of his brothers and sisters whom the testatrix intended to treat equally. A legatee or heir who owes a debt to an estate is

ordinarily required to pay it to the executor or administrator before final distribution, if the executor or administrator so elects. *Will of Grover,* 197 Wis. 347, 222 N. W. 228; *Grover v. Flug,* 199 Wis. 111, 225 N. W. 731.

*By the Court.*—The judgment of the county court is affirmed.