## WILL OF GROVER.

*November 7—December 4, 1928.*

For the appellant the cause was submitted on the brief of *Coe Brothers* of Barron.

*Chas. A. Taylor* of Barron, for the respondent.

CROWNHART, J.   A primary duty imposed on executors and administrators is to collect debts due the estate.   11 Ruling Case Law, p. 267; 23 Corp. Jur. p. 1189; secs. 312.04 and 313.11, Stats.   And of course this duty extends to collection of debts from the heirs and legatees.   11 Ruling Case Law, p. 267.   There is no duty devolving upon an executor or administrator to advance payment of a legacy to a donee or an inheritance to an heir until an order of distribution has been entered by the county court, although he may do so at his own risk.   *Williams v. Ely,* 13 Wis. 1.

In the performance of his plain duty the executor here brought an action in the circuit court, in the county where the debtor resided, to collect a promissory note given by the debtor to the decedent, which was past due and about to be outlawed by the statute of limitations.

The debtor attempted to set up as a defense that he would be entitled to a legacy under the will in excess of the amount due on the note, and then made the claim that the court had no jurisdiction to try the issue because the estate was in probate in another county, and the county court had primary jurisdiction to construe the will.

The fallacy of the debtor's claim is apparent. It was his duty to pay his obligation to the estate, and make his claim for the legacy in the county court which has jurisdiction to construe the will and order the proper distribution of assets after other liabilities are paid.

The circuit court was not required to construe the will, within the issues as made by the pleadings (*Cawker v. Dreutzer, ante,* p. 98, 221 N. W. 401), nor did the county court have jurisdiction of an action on the note.

*By the Court.*—The order of the circuit court is affirmed.