ESTATE OF WETTIG: MILWAUKEE CATHOLIC HOME FOR THE AGED, Appellant, v. HOFFMAN, Administratrix, and another, Respondents.*

*October 4—December 1, 1965.*

* Motion for rehearing denied, without costs, on February 1, 1966.

240

242

For the appellant there were briefs by *Quarles, Herriott & Clemons* of Milwaukee, and oral argument by *Maxwell H. Herriott.*

For the respondent Alma Hoffman there was a brief by *L. A. Willenson* of Milwaukee.

For the respondent Fidelity & Deposit Company of Maryland there was a brief by *John & Meyer* of Milwaukee, and oral argument by *Walter John.*

FAIRCHILD, J.  In substance, the judgment appealed from assigned the estate according to the record as it stood at the time of the December, 1962, hearing and at the time distribution was made; and declined to enforce the Home's claim under the 1957 "assignment" because the assets were no longer in the possession of the administratrix and she had distributed them without notice of the Home's claim. Determination of the Home's rights, if any, to the assets was left to such actions as the Home might bring against the distributees.

The Home considers that the document executed by Mrs. Thorp in 1957 is an assignment of her interest in

the Wettig estate. The Home then contends that since its "assignment" was filed with the court before entry of final judgment, sec. 318.06 (10), Stats., compels the court to determine the validity of the "assignment" and assign the estate to the Home by final judgment, accordingly.

Counsel points to the general rule that an executor or administrator who distributes personal property prior to judgment does so at his own risk.[1] If the 1957 document were an assignment of Mrs. Thorp's interest in the Wettig estate, it would follow, as the Home argues, that the fact that Mrs. Hoffman had already distributed the assets would be immaterial. As long as the assignment be presented before judgment, the judgment must reflect it if valid.

The difficulty lies in the peculiar character of the 1957 document insofar as it relates to an expectancy of inheritance from one not yet deceased. Such an "assignment," in Wisconsin, is only an agreement to assign an interest in an estate after that interest has come into existence by the death of the testator or intestate. The agreement is enforceable in equity if supported by adequate and fair consideration and if enforcement is otherwise not inequitable.[2]

It would follow that the Home could have brought an action against Mrs. Thorp after Wettig's death to compel her to assign her interest in the estate, if the court deemed enforcement not inequitable. We have no doubt that if the Home had asserted its claim in the probate proceeding while the assets were still in the hands of the administratrix, the county court could properly have entertained the claim in that proceeding. Although in an era of greater emphasis upon technical distinctions, a probate court might have relegated the Home under any circumstances to an independent action in equity to compel enforcement, that would be out of harmony with modern emphasis on

[1] *Williams v. Ely* (1860), 13 Wis. 1, 10 (*1, *9), and *Will of Grover* (1928), 197 Wis. 347, 222 N. W. 228.

[2] *Hofmeister v. Hunter* (1939), 230 Wis. 81, 88, 283 N. W. 330. See also *Estate of Jacobus* (1934), 214 Wis. 143, 252 N. W. 583.

substance rather than form. But in any event, the controlling principles are equitable.

Thus in the instant case, the court properly applied equitable principles. The delay in the presentation of the Home's petition was no more chargeable to the administratrix than it was to the Home. She had made distribution of the assets in good faith. Although the judgment assigning the estate had not been entered, a hearing had been had, and the court in determining the inheritance tax had adjudicated the distributive shares on the basis of the 1962 assignment and renunciation, as was proper in the state of the record at that time. Although no notice of hearing had been given the Home, the only basis on record for recognizing any interest of the Home was the assignment to it of $1,000, and it was proposed to pay that in full.

Assuming the adequacy of the consideration for the 1957 "assignment," and there seems to be no claim to the contrary, one of two innocent parties must bear a burden. Under the county court's decision, the Home must bring action against the distributees in order to enforce the agreement. If the decision had gone in favor of the Home, the administratrix and her surety would be immediately liable to the Home, and would have to look to the distributees for recoupment.

We consider the choice made by the county court was within the discretion of a court of equity.

*By the Court.*—Judgment affirmed.

HALLOWS, J., took no part.

The following memorandum was filed February 1, 1966:

PER CURIAM (*on motion for rehearing*). The Milwaukee Catholic Home for the Aged urges that the mandate be modified so that the probate branch of the county court would retain jurisdiction and determine the claim

of the Catholic Home against the several distributees in this action.

The Catholic Home relies upon sec. 318.06 (2) and (10), Stats., and urges that the county court's probate jurisdiction is broad enough under such section, as well as under sec. 253.10, to permit an adjudication of the controversy in the county court between the Catholic Home and the distributees.

While the county court would clearly have had jurisdiction to adjudicate the issue before the distribution had been made, we believe that it would be inappropriate for the county court to retain jurisdiction and in this action attempt to follow the assets into the hands of the distributees; this is particularly true if some of the distributees were served by publication rather than in person.

We recognize that it is less convenient for the appellant to be obliged to pursue its remedy in separate civil proceedings against the individual distributees, but we deem such course necessary upon the facts of this case.

The motion for rehearing is denied, without costs.