(876 P.2d 619)
No. 69,659

IN THE MATTER OF THE ESTATE OF LOUISE FLORENCE LEATHERS,
Deceased.

———

Opinion filed June 24, 1994.

*Gary H. Hanson* and *Karen T. Poulton*, of Stumbo, Hanson & Hendricks, of Topeka, for appellant Ronald R. Leathers.

*Gary F. Conklin*, of Westmoreland, for appellee Michael R. Leathers.

Before PIERRON, P.J., LARSON and RULON, JJ.

RULON, J.: Louise Florence Leathers died testate, naming her two adult sons, Ronald and Michael, as co-executors. Disputes arose between Ronald and Michael regarding administration of the will, and the brothers agreed to submit to mediation. The Mediation Agreement they signed stated that mediation was to be binding as to all matters upon which the brothers *agreed*. At mediation, they came to an oral understanding, which was subsequently put into writing. However, Ronald refused to sign that agreement. The district court found the Mediation Agreement bound Ronald as to all issues agreed upon at mediation. The district court adopted the proposed Mediation Order, which set out the brothers' oral agreements at mediation. Ronald appeals.

We reverse and remand for the following reasons:

K.S.A. 1993 Supp. 59-102(8) defines a "valid settlement agreement" as "a *written and acknowledged* instrument which affects the administration or distribution of the estate and which is entered into by all heirs, devisees and legatees, and all other interested or affected persons, all of whom must be competent or authorized to enter into such agreement." (Emphasis added.)

Although the statutory scheme does not state that a valid settlement agreement is the *exclusive* means of entering into an

enforceable family settlement agreement, such is implied in K.S.A. 1993 Supp. 59-2249. That provision states in part:

"Upon settlement and allowance, the court shall determine the heirs, devisees and legatees entitled to the estate and assign it to them by its decree, pursuant to the terms of the will, the laws of intestate succession in effect on the date of the decedent's death *or* a valid settlement agreement." (Emphasis added.)

K.S.A. 1993 Supp. 59-2249 does not permit the court to distribute property pursuant to a will, the laws of intestate succession, a valid settlement agreement, *or in any other manner the court sees fit.* Our understanding is that pursuant to the above statute, a will, the laws of intestate succession, or a "valid settlement agreement" (defined in the statute as a written, acknowledged instrument) are the *exclusive* means for distribution of a decedent's estate. The only reasonable construction of these provisions, read together, is that the Kansas Legislature intended all family settlement agreements to be in writing. This construction is not unreasonable in light of the fact that the vast majority of family settlement agreements would involve a transfer of real estate, which generally must be in writing to satisfy the statute of frauds.

The parties' agreement, which distributes property in a manner different from the will, is without question a family settlement agreement. The Kansas Probate Code requires all family settlement agreements to be acknowledged *and* signed by the party against whom it is sought to be enforced. The agreement at issue is not in compliance with the Kansas statutes and therefore cannot be enforced.

The judgment of the district court is reversed and the cause is remanded for further proceedings.