(919 P.2d 363)
No. 74,397

E. ARLENE BUTTS, Administratrix of the Estate of RAYMOND C. BUTTS, JR., *Appellee,* v. RAMONA LAWRENCE and BETTY SANDERS, *Appellants.*

Opinion filed June 7, 1996.

*Daniel M. Welch* and *Alan C. Goering,* of Topeka, for appellants.

*David H. Snapp* and *Michael A. Doll,* of Waite, Snapp & Doll, of Dodge City, for appellee.

Before GERNON, P.J., MARQUARDT, J., and STEPHEN D. HILL, District Judge, assigned.

MARQUARDT, J.: Ramona Lawrence and Betty Sanders appeal from the district court's ruling that an option to purchase land created by a family settlement agreement in favor of Raymond C. Butts, Jr., (Raymond Jr.) could be exercised by the administratrix of the estate of Raymond Jr.

The will of Raymond C. Butts, Sr., (Raymond Sr.) devised real property (Tract 1) with a life estate to his wife, Marie L. Butts, including the power to sell and dispose of the property. Raymond Sr. devised the remainder, if any, of Tract 1 to Raymond Jr., Ramona, and Betty.

Raymond Sr.'s will provided that upon the death of his wife, the interests of Raymond Jr. in Tract 1 would be reduced by two-thirds of the then appraised value of the tract of real property which had been devised solely to Raymond Jr. (Tract 2). Raymond Sr.'s will granted Raymond Jr. a 10-year option to purchase the interests of Ramona and Betty in the portion of Tract 1 which is the subject of this appeal (Subject Property). The purchase price was to be set by an appraisal as specified in the will.

After Marie's death, the two-thirds adjustment could not be made because of a disparity in the values of the tracts. Ramona, Betty, and Raymond Jr. entered into a family settlement agreement, which provided in part:

"1. Raymond C. Butts, Jr., will Quit Claim, release and assign all right, title and interest whatsoever in and to the E/2 W/2; W/2 NE/4 and N/2 SE/4 all in S29-T32-R20; and Lots 3 and 4 and E/2 SW/4 of S30-T33S-R20; *and all of Section 5-T34S-R20* [**Subject Property**], over unto Betty Sanders and Ramona Lawrence,

the same to be theirs absolutely; and Betty Sanders and Ramona Lawrence waive and release any right, title and claim to two-thirds value of Section 6-T34S-R20 **[Tract 2]** back over unto Raymond C. Butts, Jr., his heirs or assigns.

"2. It is agreed however that Raymond C. Butts, Jr., shall have a five (5) year purchase option from date of death of Marie L. Butts to purchase Section 5-T34S-R20 **[Subject Property]** from Betty Sanders and Ramona Lawrence at the $74,640.00 appraised value set forth herein.

. . . .

"4. This agreement shall be binding upon the parties, their heirs, assigns and successors in interest, and is the full and complete agreement between the parties to settle and close the Marie L. Butts estate." (Emphasis added.)

Raymond Jr. died without exercising his option. E. Arlene Butts, administratrix of Raymond Jr.'s estate (Administratrix), filed a declaratory judgment action, stating that she was entitled to exercise the option on behalf of the estate. The district court ruled that the Administratrix could exercise the option. Ramona and Betty argue that the district court erred in so ruling.

This court has unlimited review as to the construction of written instruments. See *Gore v. Beren*, 254 Kan. 418, 427, 867 P.2d 330 (1994). When this court has before it the same written instruments as did the district court, we can examine and determine their meaning as well as that of the district court. See *Springer v. Litsey*, 185 Kan. 531, 535, 345 P.2d 669 (1959) (interpreting family settlement agreement).

Ramona and Betty argue that the option to purchase the Subject Property was personal to Raymond Jr. and cannot be exercised by the Administratrix.

An option created by will confers a right that is personal to the recipient and does not survive the death of the recipient. *In re Estate of Maguire*, 204 Kan. 686, 688, 466 P.2d 358, *modified* 206 Kan. 1, 476 P.2d 618 (1970).

Ramona and Betty reason that because the will had provided the original option to purchase the Subject Property to Raymond Jr., the subsequent option contained in the family settlement agreement did not survive the death of Raymond Jr. The Administratrix counters that she may exercise the option on behalf of Raymond Jr.'s estate because the option was created by contract and not by will.

Beneficiaries of a will may agree among themselves as to the distribution of an estate contrary to that of the will. *In re Estate of Petty*, 227 Kan. 697, 704, 608 P.2d 987 (1980). Such agreements are referred to as family settlement agreements or will compromise agreements.

"[F]amily settlement agreements are favorites of the law and when fairly made, are to be given liberal interpretation and should not be disturbed by those who entered into them or by those claiming under or through them." *In re Estate of Thompson*, 226 Kan. 437, 441, 601 P.2d 1105 (1979). "[T]he mutual promises of the contracting parties" provide sufficient consideration for the agreement. *In re Estate of Harper*, 202 Kan. 150, 159-160, 446 P.2d 738 (1968).

To be valid, a family settlement agreement must be in writing and acknowledged and approved by "all heirs, devisees and legatees, and all other interested or affected persons, all of whom must be competent or authorized to enter into such agreement." K.S.A. 59-102(8); see *In re Estate of Leathers*, 19 Kan. App. 2d 803, 876 P.2d 619 (1994). "A family settlement agreement must be submitted to and approved by the district court in order to obtain a decree of final settlement and an assignment of the real estate in accord with its provisions. K.S.A. 59-2249; *Brent v. McDonald*, 180 Kan. 142, 152, 300 P.2d 396 (1956)." *In re Estate of Wise*, 20 Kan. App. 2d 624, 626, 890 P.2d 744 (1995).

In *Budin v. Levy*, 343 Mass. 644, 649, 180 N.E.2d 74 (1962), the court held that "[r]ights under the [will compromise] agreement are wholly contractual and in no sense testamentary." See *First National Bank of Birmingham v. Brown*, 287 Ala. 240, 247, 251 So. 2d 204 (1971); *Woodward v. Snow*, 233 Mass. 267, 274, 124 N.E. 35 (1919); Annot., 5 A.L.R. 1384 (discussing *Woodward* and similar cases).

Thus, the rule that a testamentary option is personal and does not survive the death of the recipient is inapplicable to the family settlement agreement's contractual option in favor of Raymond Jr.

The family settlement agreement provided that "[t]his agreement shall be binding upon the parties, their heirs, assigns and successors in interest." The Administratrix correctly notes that

"[n]o Kansas case has directly determined whether an option contained in a contract can be exercised by the representative of a deceased optionee."

Many Kansas cases implicitly recognize that an option to purchase land passes to the heirs of the option holder. See, *e.g.*, *Smerchek v. Hamilton*, 4 Kan. App. 2d 346, 352, 606 P.2d 491 (1980).

Here, the family settlement agreement expressly made the contract binding upon the parties' heirs, assigns, and successors. We conclude that the rights arising from a family settlement agreement are contractual in nature and not testamentary. An option to purchase real estate which is created by a family settlement agreement is contractual in nature.

Ramona and Betty argue that the district court erred in failing to consider the intent of the contracting parties when construing the family settlement agreement, that the district court improperly construed the language of the agreement, and that the district court erred in not considering facts set forth in affidavits.

The attorney who prepared the family settlement agreement stated in his affidavit that he "presumed that the option agreement was personal to Raymond C. Butts, Jr." Betty stated in her affidavit that she was advised that the option agreement was personal to Raymond Jr. and not exercisable by anyone else.

"The primary rule in construction of any contract is to ascertain the intent of the parties, and such intent may best be determined by looking at the language employed and taking into consideration all the circumstances and conditions which confronted the parties when they made the contract." *Galindo v. City of Coffeyville*, 256 Kan. 455, 467, 885 P.2d 1246 (1994).

If a contract is not ambiguous, the court can look only to the four corners of the instrument to determine the intent of the parties. *Metropolitan Life Ins. Co. v. Strnad*, 255 Kan. 657, 661, 876 P.2d 1362 (1994); *TMG Life Ins. Co. v. Ashner*, 21 Kan. App. 2d 234, 242, 898 P.2d 1145 (1995); see *Smerchek*, 4 Kan. App. 2d at 347. But see Restatement (Second) of Contracts § 212, comment b (1979) ("It is sometimes said that extrinsic evidence cannot change the plain meaning of a writing, but meaning can almost never be plain except in a context.").

If a contract is ambiguous concerning a particular matter, " 'facts and circumstances existing prior to and contemporaneously with its execution are competent to clarify the intent and purpose of the contract in that regard, but not for the purpose of varying and nullifying its clear and positive provisions.' [Citations omitted.]" *First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 624, 602 P.2d 1299 (1979).

Thus, a threshold question is whether the family settlement agreement is ambiguous. See *Smerchek*, 4 Kan. App. 2d at 347. A contract is ambiguous when the words used to express the intention of the parties may be understood to reach two or more possible meanings. *Smerchek*, 4 Kan. App. 2d at 347; see *Simon v. National Farmers Organization, Inc.*, 250 Kan. 676, 680, 829 P.2d 884 (1992).

Ramona and Betty essentially argue that because paragraph 2 of the agreement and the recitals do not provide that the family settlement agreement is applicable to the heirs and assigns of the parties, the language in paragraph 4 expressly making the agreement applicable to the heirs and assigns is rendered ambiguous. This argument patently lacks merit. The agreement is clear and unambiguous.

Ramona and Betty's argument that the district court erred in not considering the affidavits of Betty and the attorney who prepared the family settlement agreement similarly lacks merit. When a contract is not ambiguous, it would be error to consider such extrinsic evidence of the parties' intent. See *Strnad*, 255 Kan. at 661; *TMG*, 21 Kan. App. 2d at 242; 17A Am. Jur. 2d, Contracts § 337, pp. 343-44.

The district court correctly ruled that the family settlement agreement is an unambiguous contract and that the option to purchase the Subject Property may be exercised by the Administratrix.

Affirmed.