(174 P.3d 445)
No. 97,725

MARY RECTOR, *Appellant,* v. CLIFFORD TATHAM, PATRICIA DISQUE, and RUTH STRICKLAND, *Appellees.*

Opinion filed January 11, 2008.

*Ronald Schneider,* of Lawrence, for appellant.

*Molly M. Wood* and *Christopher F. Burger,* of Stevens & Brand, L.L.P., of Lawrence, for appellees.

Before BUSER, P.J., GREEN and CAPLINGER, JJ.

GREEN, J.: Mary Rector contracted with her siblings that she would receive the remaining funds, if any, used to care for their mother after their mother's death. In consideration of her siblings' promise to turn over these funds to Rector, Rector conveyed her one-half interest in the home she jointly owned with her mother to the conservatorship established for their mother's care. After their mother's death, Rector sued her siblings for breach of contract for failing to turn over the remaining funds. Rector's siblings moved to dismiss Rector's lawsuit, maintaining that her petition failed to state a cause of action against them. The trial court agreed and dismissed the action.

To sustain the trial court's granting of the siblings' motion to dismiss, this court would have to conclude that, under Rector's

pleadings, Rector could not produce any evidence justifying some form of relief. We are unable to say with certainty the untenability of Rector's position. As a result, we determine that Rector's petition should not have been dismissed for failure to state a claim. Accordingly, we reverse and remand.

Mary Rector, Clifford Tatham (Tatham), Patricia Disque, and Ruth Strickland are the adult children of Bonnie Tatham (Bonnie). On January 31, 2003, Rector and her attorney attended a mediation session with Tatham, Disque, and Bonnie's attorney, Hatem Chahine. The mediation resulted in an agreement to establish a conservatorship to provide for the care of Bonnie until the end of her life. The relevant portions of the handwritten document dictated during the mediation session stated as follows:

"3. Mary agrees to purchase the home from her mother for $89,000. Mary will assume the existing mortgage and pay her mother $42,900. If Mary cannot raise the $42,900, the home will be placed on the market and sold. The proceeds of sale will be held for [Bonnie].

. . . .

"6. The parties agree that the conservatorship and its successor arrangement will provide that in the event [Bonnie] dies and funds remain, that the remaining balance will be payable on death to Mary Rector."

The document was signed by all present. Strickland was not present at the mediation and did not sign the document.

On February 18, 2003, Rector, Tatham, Disque, and Chahine appeared before the district court in Douglas County in *In the Matter of the Guardianship and Conservatorship of Bonnie L. Tatham* (guardianship case). The trial court appointed Tatham as guardian of Bonnie and J. Michael Davies as conservator of her estate. The trial court also referenced the mediated agreement and approved and incorporated it by reference into the court's order.

Following the mediation on January 31, 2003, Rector stated that she performed all of the obligations and duties required by the mediated agreement. The house was sold and the sale proceeds were placed into a conservator's account for the care of Bonnie. After Bonnie's death on August 17, 2003, approximately $50,000 was left in the conservatorship. On November 18, 2003, the trial court in the guardianship case terminated the conservatorship and

released the remaining assets to Tatham as executor of Bonnie's estate. In its order, the court stated:

"This order should not constitute or be construed as a waiver of any claims which any of the respondents, Patricia Dique [*sic*], Clifford B. Tatham, and/or Mary Rector may have or claim to the assets of the conservatorship estate remaining after payment of allowed expenses and fees, including but not limited to any claim which Mary Rector may assert under the mediated agreement attached to petitioner's petition as Exhibit 'A.' "

After Bonnie's death, the issues regarding the agreement were revived in *In the Matter of the Estate of Bonnie L. Tatham* (estate case). In the estate case, Tatham, as executor of Bonnie's estate, sought to distribute the estate, including the funds from the conservatorship, according to the terms of Bonnie's will. Rector and Tatham filed competing motions for summary judgment in the estate case, but both were denied. Rector also moved to reconsider, which was also denied, because the trial court stated that there were factual disputes regarding the mediated agreement and summary judgment was not appropriate. According to Rector, the trial court in the estate case informally advised both parties that the issues surrounding the mediated agreement were more appropriately suited for a Chapter 60 proceeding.

On January 9, 2006, Rector sued Tatham, Disque, and Strickland for breach of the mediated agreement in a Chapter 60 proceeding. In addition, the suit requested that the court enjoin any distribution of Bonnie's estate until this matter was resolved. Shortly after filing the petition, Rector filed a petition to stay proceedings and distributions in the estate case. Although the record does not contain any court order resolving the petition to stay proceedings, Rector stated in one of her pleadings that the district court in the estate case distributed the remaining conservatorship funds in Bonnie's estate under the provisions of Bonnie's will, with each sibling receiving approximately $12,700.

In her petition, Rector outlined certain provisions of the mediated agreement and referenced the court order in the guardianship case that purported to incorporate it. Rector further argued that all parties to the matter ratified and affirmed the mediated agreement, but that, although she performed all of the obligations and

duties set forth in the agreement, Tatham, as executor of Bonnie's estate, has refused to convey the remaining conservatorship funds to Rector. This, according to Rector, was a breach of the mediated agreement. Nowhere in the petition does Rector assert an ownership interest in the property that was sold under the mediated agreement, nor does she assert any relevant motivations of the parties in making the agreement.

After Rector brought her action, Tatham, Disque, and Strickland moved to dismiss the petition for failure to state a claim. In their motion to dismiss, the defendants asserted that the mediation agreement was not a valid family settlement agreement and thus could not control the distribution of Bonnie's estate. After a reply by Rector and a response by Tatham, Disque, and Strickland, the trial court granted the motion to dismiss. The trial court stated that the mediation agreement was a family settlement agreement because it affected the distribution of an estate. The trial court further stated that the mediation agreement failed to meet the statutory requirements demanded of such agreements because it was not properly acknowledged and was not binding on all material parties with an interest in the estate. The trial court further noted that, even if the mediation agreement was not a family settlement agreement, contract principles could not bind Tatham, Disque, and Strickland because Kansas law allows an estate to be distributed only according to a will, to intestate succession, or to a valid family settlement agreement.

*Did the District Court Err in Granting the Motion to Dismiss for Failure to State a Claim?*

When a motion to dismiss under K.S.A. 60-212(b)(6) contests the legal sufficiency of a claim, the question must be decided from the well-pleaded facts of plaintiff's petition. *Halley v. Barnabe*, 271 Kan. 652, 656, 24 P.3d 140 (2001). A petition should not be dismissed for failure to state a claim unless, after reviewing the petition in the light most favorable to plaintiff and with every doubt resolved in plaintiff's favor, that, under plaintiff's pleadings, the plaintiff can prove no set of facts, either under plaintiff's theory or under any other possible theory, in support of plaintiff's claim

which would entitle plaintiff to relief. Dismissal is justified only when the allegations of the petition clearly demonstrate plaintiff does not have a claim. 271 Kan. at 656; see *Jones v. State*, 279 Kan. 364, 366, 109 P.3d 1166 (2005).

In considering the question, the court must accept the plaintiff's description of events, along with any reasonable inferences that may be drawn therefrom. Nevertheless, the court is not required to accept conclusory allegations as to the legal effects of the events if the allegations are not supported or are contradicted by the description of events. *Halley*, 271 Kan. at 656.

The granting of such motions has not been favored by our courts, and skepticism is required where the motion is made prior to the parties completing discovery. The petition is not intended to govern the entire course of the case. Rather, the ultimate decision as to the legal issues and theories on which the case will be decided is the pretrial order. 271 Kan. at 656-57.

In her brief, Rector sets forth several theories that could afford her relief based on the facts in her petition. In response, Tatham, Disque, and Strickland argue that Rector is attempting to raise issues before this court that she never brought before the trial court and that those arguments should therefore be considered waived. Kansas currently follows a notice pleading system. Plaintiffs do not have to establish all possible legal theories in their initial petition so long as it provides enough facts to establish that the plaintiff is entitled to relief. A petition that can support a cause of action based on any theory is sufficient to survive a motion to dismiss. *Noel v. Pizza Hut, Inc.*, 15 Kan. App. 2d 225, 231, 805 P.2d 1244, *rev. denied* 248 Kan. 996 (1991).

Because her petition was dismissed for failure to state a claim, Rector was not required to set forth the arguments she now asserts under the notice pleading system. Under the standard of review for motions to dismiss, this court can review any possible legal theory that could afford the plaintiff relief. Accordingly, Rector did not waive any of the arguments she has included in her brief on appeal, and if the facts in her petition or any rational inferences therefrom support any of the following possible theories, Rector's petition should not have been dismissed for failure to state a claim.

*Family Settlement Agreement*

Rector does not argue that the mediation agreement between her and her siblings is a family settlement agreement. The trial court, however, stated in its order that, despite labels, the mediated agreement is in fact a family settlement agreement because it affects the distribution of an estate. And, because it was neither acknowledged nor signed by all interested parties (namely Strickland), the mediation agreement was invalid as a family settlement agreement.

K.S.A. 59-102(8) defines "valid settlement agreement" as a "written and acknowledged instrument which affects the administration or distribution of the estate and which is entered into by all interested heirs, devisees, legatees and persons whose interests are affected by the settlement agreement." The agreement, which was attached to Rector's petition, conclusively establishes that it was not signed by Strickland. As a beneficiary under Bonnie's will, the lack of Strickland's signature renders the agreement invalid as a family settlement agreement, regardless of whether it was acknowledged. Thus, the trial court was correct in its assertion that the mediated agreement was an invalid family settlement agreement.

*Assignment of Expectancy*

Rector primarily maintains that this is an action in contract. Under Kansas law, "a will, the laws of intestate succession, or a 'valid settlement agreement' (defined in the statute as a written, acknowledged instrument) are the *exclusive* means for distribution of a decedent's estate." *In re Estate of Leathers*, 19 Kan. App. 2d 803, 804, 876 P.2d 619 (1994). Rector argues that her petition states a claim under a theory of assignment of an expectancy interest, and therefore does not affect the distribution of Bonnie's estate but instead requires Tatham, Disque, and Strickland to transfer their inheritances once they were received.

In support of this theory, Rector cites an Illinois Supreme Court case, *Dyblie v. Dyblie*, 389 Ill. 326, 59 N.E.2d 657 (1945), upholding the assignment of an expected inheritance. In that case, one brother paid $2,000 in exchange for his brother's interest in prop-

erty that he was to receive from their mother's estate. The *Dyblie* court held that

"where the expectancy of an heir presumptive is assigned or conveyed to another person, the assignment, if fairly made and for a valuable consideration, will be enforced in equity. The right of inheritance is not extinguished by the assignment or conveyance but still exists and whenever the interest assigned ceases to be an expectancy and becomes a vested estate the assignment is enforceable in equity. [Citations omitted.]" 389 Ill. at 329.

Rector also cites a Wisconsin case which upheld an agreement to assign an expected inheritance. *Estate of Wetting*, 29 Wis. 2d 239, 244, 138 N.W.2d 206 (1965).

Likewise, several Kansas cases have allowed for an expectancy or a contingent right in property to be transferred, bartered, or sold. See *Chatterton v. Clayton*, 150 Kan. 525, 526-27, 95 P.2d 340 (1939) (holding that the payee of a note cannot collect on an inheritance transferred to a third party because such an assignment is valid); *Knutson v. Hederstedt*, 125 Kan. 312, 316-18, 264 Pac. 41 (1928) (holding that an assignment is valid as to a contingent interest in the testator's heirs); *Clendening v. Wyatt*, 54 Kan. 523, 525, 38 Pac. 792 (1895) (holding that the assignment of a son's expected inheritance from his mother's estate is valid).

Rector alleges in her petition that all of the siblings ratified and affirmed the agreement and that all were without a good faith basis to refuse to convey the remaining conservatorship funds. Although Strickland never signed the agreement, Rector's petition alleges that she nonetheless affirmed the mediated agreement: an allegation that must be accepted as true under our standard of review.

Although there is nothing in the agreement that purports to explicitly assign the inheritances of Tatham, Disque, or Strickland after the estate was distributed through the will, this does not render Rector's claim meritless. Kansas law explicitly allows the assignment of an expected inheritance (to be transferred after distribution), and the petition alleged sufficient facts to suggest that this is what all parties intended to do. Accordingly, Rector's petition should not have been dismissed for failure to state a claim.

*Promissory Estoppel*

Even if Rector's claim under an assignment of expectancy theory was not a sufficient basis to allow her case to proceed, she should have been able to proceed on a theory of promissory estoppel. Where a breach of contract theory does not permit a plaintiff recovery, Kansas has traditionally allowed a remedy on the theory of promissory estoppel. *Bittel v. Farm Credit Svcs. of Central Kansas, P.C.A.*, 265 Kan. 651, 660, 962 P.2d 491 (1998). To invoke promissory estoppel, the plaintiff must establish evidence showing that the promisor reasonably intended or expected the promisee to rely on a promise, that the promisee acted reasonably in reliance on that promise, and that refusal to enforce the promise or application of the statute of frauds would result in fraud or injustice. 265 Kan. at 661.

Here, Rector stated in her petition that she performed her obligations under the mediated agreement. We can infer therefore that she sold or otherwise surrendered an interest in the home in reliance on the promise made by Tatham, Disque, and Strickland that she would get any remaining conservatorship funds. Although Strickland never signed the mediated agreement, Rector maintains in her petition that *all* parties ratified and affirmed the agreement. Thus, although facts may develop contradicting Rector's allegation that Tatham, Disque, and Strickland induced her reliance through the promise to pay over remaining conservatorship funds, Rector should have been allowed to proceed on a promissory estoppel or detrimental reliance theory.

*Joint Tenancy*

Rector also argues that because the proceeds from the sale of the house were not part of Bonnie's estate, they could therefore be distributed through the mediated agreement because the agreement would then not affect the distribution of the estate. As noted above, an estate can only be distributed according to a will, to intestate succession, or to a valid family settlement agreement. According to Rector, she and Bonnie owned the house as joint tenants. Thus, any funds remaining from the sale of the house passed to Rector as surviving joint tenant.

Rector states nothing explicitly in her petition that indicates that she and Bonnie owned the home as joint tenants. The provision of the agreement relating to the sale of the home allowed Rector to buy the house outright with cash, pay half cash and assume the remaining mortgage, or if Rector could do neither, that the home be sold on the market with all funds going to Bonnie. Arguably, this leads to the inference that Rector had no ownership interest in the house, but was merely allowed an option to buy. Nevertheless, because the agreement also provided that Rector was to receive any funds from the sale of the house remaining in the conservatorship after Bonnie's death, the court could possibly infer that Rector did have an interest in the house that the siblings were trying to compensate for after Bonnie's needs had been met.

In her brief, Rector states that the purpose of the agreement was for her to sell her interest in the home to free up funds to care for Bonnie. Similarly, in her reply to the motion to dismiss, Rector states that she conveyed, "by quit-claim deed, her interest in her homestead to Bonnie L. Tatham." Although none of this information was in the petition, it supports the inference that Rector owned an interest in the house. It also contradicts her claim to the remaining funds as surviving joint tenant because, if she sold her interest, she relinquished any right of ownership she had in the property and can no longer claim the funds under a right of survivorship theory.

*Court Order*

Rector finally argues that the mediated agreement was incorporated by the court in the guardianship case and should be enforced as a court order. The right to an appeal is purely statutory; if the record shows that an appellate court does not have jurisdiction, the appeal must be dismissed. *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1271, 136 P.3d 457 (2006). An appellate court has a duty to question jurisdiction on its own initiative. If the record shows there is no jurisdiction for the appeal, the appeal must be dismissed. *State v. Harp*, 283 Kan. 740, 746, 156 P.3d 1268 (2007). Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken within the time limitations and in the

manner prescribed by the applicable statutes. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004).

Rector acknowledges in her brief that the court in the guardianship and estate cases did not choose to enforce the agreement that was allegedly incorporated into the order on February 18, 2003. Nevertheless, following Bonnie's death in August 2003, the trial court in the guardianship case terminated the conservatorship and released all remaining funds to Tatham as executor of Bonnie's estate. Although the trial court stated that the order should not be construed as a waiver of any claims Rector had under the mediated agreement, it did not distribute the remaining conservatorship funds to Rector. Similarly, in the estate case, the trial court declined to stay distribution and ordered the funds distributed under the will. Thus, if this was, in Rector's view, a violation of the court order that incorporated the agreement, Rector should have appealed either of those orders. There is no evidence that Rector has appealed any issues in either the guardianship case or the estate case. Instead, she brought her action against her siblings, which is not an appropriate method of appealing the lack of enforcement of the order in the guardianship case. Because her notice of appeal appeals only the orders relating to the motion to dismiss, this court does not have jurisdiction to review the actions of the trial courts in either the guardianship or estate cases. Thus, the incorporation of the agreement into an order in another case does not provide a valid theory to survive the motion to dismiss in this case.

Accordingly, although Rector's petition fails to state a valid claim under a family settlement agreement theory or the theory that the mediated agreement was incorporated into a court order, she may be entitled to relief under her theory that Tatham, Disque, and Strickland assigned their expected inheritance or a theory of promissory estoppel. As a result, the trial court should not have dismissed Rector's petition for failure to state a claim.

Reversed and remanded.